Argued and submitted September 30, affirmed November 30, 1988, reconsideration denied February 10, petition for review denied March 7, 1989 (307 Or 514)

## STATE OF OREGON,
*Respondent,*

*v.*

## RICHARD JAMES DOMPIER,
*Appellant.*

(10-87-02135, 10-87-03138, 10-87-03139;
CA A47160 (Control), A47161, A47162)
(Cases Consolidated)

764 P2d 979

Appeal from Circuit Court, Lane County.

Jack Mattison, Judge.

Peter Gartlan, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

RIGGS, J.

## RIGGS, J.

Defendant appeals his conviction on three counts of sexual abuse in the first degree. He claims that the trial court erred in failing to disqualify the child victim from testifying and in allowing her to sit on her foster mother's lap while she testified. We affirm.

Defendant was convicted for sexual abuse of two of his daughters, Andrea and Tosha. Andrea was five years old at the time of the alleged sexual abuse, and seven years old at the trial. When she took the stand, the court found that she was a competent witness. She was able to give the court basic facts about herself, professed to know truth from falsehood and could identify her whereabouts for the previous two years. When the prosecutor asked her about her contact with her father approximately two years before the trial, she began to get upset. She testified that he had "spanked her on the bottom" with a belt, and that "bad things" happened to her when she was alone with him. When she was asked to describe the sequence of events, she began to cry and was unable to answer. The court recessed, and the prosecutor indicated that Andrea had a physical fear of her father which made testimony difficult for her, and he suggested that Andrea be allowed to sit with her foster mother, to increase Andrea's "comfort factor." Defendant objected, on the ground that the image of Andrea with her foster mother on the stand would be too prejudicial, and suggested instead that they take frequent recesses to accommodate Andrea. The trial judge agreed to try another recess and then see if Andrea could complete her testimony.

After Andrea calmed down, she returned to the stand and was able to answer a few more questions. She testified that her father would take her into his bedroom, remove her clothes, put her face-down on the bed, and that she did not like what happened next. She began to cry and did not answer any more questions. The court again recessed. The prosecutor renewed his suggestion that the child be allowed to sit with her foster mother on the stand. The trial judge, with some reluctance, agreed to allow the foster mother to hold Andrea on her lap while Andrea testified. He cautioned the foster mother not to make gestures to Andrea or in any way communicate with the jury. The court reconvened. While she sat on her foster mother's lap, Andrea answered both the prosecutor's and

defense attorney's questions, and gave detailed testimony on the claimed sexual abuse. There is no claim that the foster mother made any inappropriate gesture or communication to either the child or the jury. The court gave the jury the standard instruction not to allow bias, sympathy or prejudice any place in their deliberations. The jury found him guilty.

Defendant contends that the trial court abused its discretion in allowing the foster mother to hold Andrea during testimony.[1] He claims that this action sent an unduly emotional and sympathetic message, thereby prejudicing the jury. The jury is presumed to have followed the court's instructions. *State v. Oland,* 1 Or App 272, 279-80, 461 P2d 277 (1969), *rev den* (1970). The court has discretion to control the examination of witnesses.[2] On the particular facts of this case, we cannot say that the court abused its discretion.

Affirmed.

---

[1] Defendant also contends that the court abused its discretion in allowing Andrea to continue to testify, as she had become incompetent. Because defendant did not base his objection at trial on this theory, we will not address it. *Tarwater v. Cupp,* 304 Or 639, 644-645, 748 P2d 125 (1988); *Hartzog v. Keeney,* 304 Or 57, 61, 742 P2d 600 (1987).

[2] OEC 611(1) allows the trial court to control the questioning of the witness. *See also Frangos v. Edmunds,* 179 Or 577, 610, 173 P2d 596 (1946).