Robert William GADBERRY, Jr. *v.* STATE of Arkansas

CA CR 93-926                                        877 S.W.2d 941

Court of Appeals of Arkansas
Division II
Opinion delivered June 15, 1994

*Christopher O'Hara Carter, P.A.*, by: *Christopher O'Hara Carter*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. On February 4, 1993, appellant Robert Gadberry was found guilty before a jury of sexual abuse in the first degree and was sentenced to five years in the Arkansas Department of Correction. On appeal it is argued that the court erred in: (1) allowing the state to introduce testimony from the criminal investigator concerning statements made by the victim; (2) allowing a social worker to stand next to the victim while she testified; (3) allowing into evidence testimony about other acts allegedly committed by the appellant; (4) denying appellant's motion for a directed verdict; and, (5) allowing two counts of sexual abuse to go before the jury.

The fourth argument raised in appellant's brief is that the trial court erred in denying his motion for a directed verdict based on insufficiency of the evidence. Under the rationale of *Lukach* v. *State*, 310 Ark. 119, 835 S.W.2d 852 (1992), we review the sufficiency of the evidence prior to a review of trial errors. In a challenge to the sufficiency of the evidence we must determine whether there is substantial evidence to support the verdict; substantial evidence must be forceful enough to compel a conclusion one way or the other passing beyond suspicion and conjecture. Id. In determining whether there is substantial evidence to support the jury's verdict, it is permissible to consider only that testimony which tends to support the verdict of guilt. *Winters* v. *State*, 41 Ark. App. 104, 848 S.W.2d 441 (1993).

In this case appellant was charged with violating Ark. Code Ann. § 5-14-108(a)(3) (1987), which provides:

(a) A person commits sexual abuse in the first degree if:

\* \* \*

(3) Being eighteen (18) years old or older, he engages in sexual contact with a person not his spouse who is less than fourteen (14) years old.

Arkansas Code Annotated § 5-14-101(8) defines sexual contact as any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female.

The seven-year-old victim in this case testified that appellant touched her on her privates through her clothing. The victim testified that she asked appellant to stop but he would not leave her alone. She further testified that appellant had "tickled" her before, but this touching was different from the tickling.

Jim Carr, a criminal investigator with the Marion County Sheriff's Department, testified that he interviewed the victim after the alleged incidents. Carr testified that the victim stated appellant touched her in her private area on two occasions. When asked what her private area was, the victim indicated to him that it was her crotch area.

During the course of the investigation Investigator Carr took a statement from the appellant after he signed a rights form and initialed beside each listed right. In the statement appellant admitted rubbing the victim's "back part" for a "few minutes." In the statement appellant admitted to touching both the seven-year-old victim and her younger sister on their "private parts." Based on the above, we find that there was sufficient evidence for the jury to convict appellant of sexual abuse in the first degree.

As his first argument appellant contends that "the trial court erred in conducting a hearing pursuant to Rule 804(b)(7) of the Arkansas Rules of Evidence without the child testifying although she was in the courthouse and by not allowing the [appellant] to put on any witnesses concerning the child's truthfulness." Appellant contends that it was error to allow the criminal investigator, Mr. Jim Carr, to testify at trial as to statements made by the victim because the Rule 804(b)(7)(A) hearing was improperly con-

ducted and because Rule 804(b)(7) was inapplicable inasmuch as the child-victim was available and in fact testified at the trial.

The Rule in question, Rule 804(b)(7) of the Arkansas Rules of Evidence, provides:

> (b) Hearsay Exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> * * *
>
> (7) Child hearsay in criminal cases. A statement made by a child under the age of ten (10) years concerning any type of sexual offense against that child, where the Confrontation Clause of the Sixth Amendment of the United States is applicable, provided:
>
> (A) The trial court conducts a hearing outside the presence of the jury, and, with the evidentiary presumption that the statement is unreliable and inadmissible, finds that the statement offered possesses sufficient guarantees of trustworthiness that the truthfulness of the child's statement is so clear from the surrounding circumstances that the test of cross-examination would be of marginal utility. The trial court may employ any factor it deems appropriate including, but not limited to those listed below, in deciding whether the statement is sufficiently trustworthy.
>
> 1. The spontaneity of the statement.
>
> 2. The lack of time to fabricate.
>
> 3. The consistency and repetition of the statement and whether the child has recanted the statement.
>
> 4. The mental state of the child.
>
> 5. The competency of the child to testify.
>
> 6. The child's use of terminology unexpected of a child of similar age.
>
> 7. The lack of a motive by the child to fabricate the statement.

8. The lack of bias by the child.

9. Whether it is an embarrassing event the child would not normally relate.

10. The credibility of the person testifying to the statement.

11. Suggestiveness created by leading questions.

12. Whether an adult with custody or control of the child may bear a grudge against the accused offender, and may attempt to coach the child into making false charges.

(B) The proponent of the statement gives the adverse party reasonable notice of his intention to offer the statement and the particulars of the statement.

(C) This section shall not be construed to limit the admission of an offered statement under any other hearsay exception or applicable rule of evidence. [Amended by Per Curiam dated May 11, 1992.]

■ At the pretrial hearing on this matter the state alleged that the child victim was unable to remember everything which occurred in the same detail as when she spoke to Investigator Carr. The victim did not testify during the pretrial hearing. Although it would have been well had the child testified at this pretrial hearing, the rule does not require it. Mr. Carr testified to the trustworthiness of her statement. He testified that the child's answers were spontaneous, "there was not hesitation in her answer." Other factors to which Carr testified indicating trustworthiness included: no difficulty in remembering; no bias against appellant; no leading questions were asked; and the terminology used to indicate the area appellant touched.

Appellant contends that the pretrial hearing was improperly conducted because he was not permitted to call the child-victim's mother as a witness. When appellant advised the court that he wished to call the mother to testify the court inquired as to what her testimony would be. Appellant responded that the mother would testify that the victim talked to her about a single pinching incident and never related anything about something hap-

pening to her brother or sister. The court stated that such testimony would not affect its decision because the fact that the alleged victim only made a limited statement initially is typical in cases of sexual abuse of children. The appellant did not then attempt to call the mother to testify.

▮ Appellant's additional argument under this point is that the Rule 804(b)(7) hearsay exception is inapplicable because Rule 804 exceptions only apply if the declarant is "unavailable." Here, not only was the child-victim/declarant available to testify, the child actually testified. However, Rule 804(a)(3) defines "unavailability as a witness" to include a declarant who testifies to a lack of memory of the subject matter of his statement. *See David* v. *State*, 269 Ark. 498, 601 S.W.2d 864 (1980). The child-victim testified that appellant touched her privates through her clothing on two occasions but could not recall when this occurred, nor the details of the second touching. Investigator Carr testified that the victim related to him that these two incidents occurred once in appellant's home and once in the victim's home, and that these events occurred sometime after Christmas, 1991.

▮ If a witness has only a partial recollection, the witness may be partially unavailable. In *McCormick on Evidence*, 4th ed., § 253, p. 130-131 (1992) it is stated:

> Preliminarily it may be observed that while the rather general practice is to speak loosely of unavailability of the witness, the crucial factor is actually the unavailability of his testimony. As will be seen, the witness may be physically present in court but his testimony nevertheless unavailable.

*McCormick* goes on to provide that if the forgetfulness is only partial, the appropriate solution would be resort to present memory to the extent of recollection, supplementing with the hearsay testimony to the extent required. *Id.* at 133.

▮▮ We conclude that the victim was partially "unavailable" due to her lack of memory. The trial court found the victim's statement introduced through Investigator Carr was trustworthy and met the requirements of Rule 804(b)(7). A trial court's rulings on matters pertaining to the admission of evidence is within the judge's discretion. His rulings will not be set aside absent an

abuse of discretion. *Roleson* v. *State*, 277 Ark. 148, 640 S.W.2d 113 (1982). As pointed out in *Duvall* v. *State*, 41 Ark. App. 148, 852 S.W.2d 144 (1993), the danger of the admission of hearsay statements without the opportunity to question the reliability of the assertion is alleviated by the opportunity to cross-examine the declarant. *Citing Idaho* v. *Wright*, 110 S. Ct. 3139 (1990). The victim/declarant was subject to cross-examination in this case. Furthermore, the hearsay testimony, although more specific, was duplicative of the victim's testimony as well as the appellant's confession, and could be considered harmless error under *Vann* v. *State*, 309 Ark. 303, 831 S.W.2d 126 (1992). We cannot say that the trial judge abused his discretion in allowing investigator Carr to testify as to statements made by the victim.

■ Appellant alleges for his second point on appeal that the trial court erred in allowing a Department of Human Services social worker to stand next to the victim while she testified. The court overruled appellant's objection, stating:

> The Court has already seen the witness in this case, and can tell how upset and distraught the witness was simply coming into the courthouse. So the Court, just from my own subjective impressions, realizes that this child needs emotional support, certainly as does any victim, but probably more than the typical victim in a case such as this. So I'm going to allow the DHS worker to stand there beside the witness chair.

Arkansas Rules of Evidence Rule 616 states:

> *Rule 616. Right of victim to be present at hearing.* — Notwithstanding any provision to the contrary, in any criminal prosecution, the victim of a crime, and in the event that the victim of a crime is a minor child under eighteen (18) years of age, that minor victim's parents, guardian, custodian or other person with custody of the alleged minor victim shall have the right to be present during any hearing, deposition, or trial of the offense.

The Department of Human Services had custody of the victim at the time of appellant's trial and had the right to have its representative present in the courtroom during the trial under the above rule. In the case of *Wallace* v. *State*, 314 Ark. 247, 862 S.W.2d

235 (1993), the mother of a victim was allowed to accompany her child to the witness stand. As in *Wallace*, the social worker accompanying the victim to the witness stand is of no consequence since appellant has not shown that any prejudice resulted. Prejudice will not be presumed and we do not reverse absent a showing of prejudice. *Id.*

Several other jurisdictions have allowed similar seating arrangements in cases involving minor victims who testify about sexual abuse. *See Boatwright* v. *State*, 385 S.E.2d 298 (Ga. App. 1989)(defendant's rights not violated when foster parent of child victims allowed to stand behind children during their testimony); *Stranger* v. *State*, 545 N.E.2d 1105 (Ind. App. 1 Dist. 1989)(presence of silent supportive adult seated behind child witnesses was not inherently prejudicial and did not violate due process rights); *State* v. *Rogers*, 692 P.2d 2 (Mont. 1984)(no prejudice shown where child witness permitted to testify while sitting on the prosecuting attorney's lap); *State* v. *Johnson*, 528 N.E.2d 567 (Ohio App. 1986), *cert. denied*, 498 U.S. 826 (1990)(trial judge did not err in permitting eight-year-old victim to testify while sitting on aunt's lap); *State* v. *Dempier*, 764 P.2d 979 (Or. App. 1988)(trial court entitled to permit child victim to testify while sitting on foster mother's lap); *Commonwealth* v. *Pankray*, 554 A.2d 974 (Pa. Super. 1989)(trial court did not abuse its discretion by permitting child witness to sit in grandmother's lap while testifying — no prejudice shown); *Mosby* v. *State*, 703 S.W.2d 714 (Tex. App. 13 Dist. 1985)(a guardian ad litem who was seated behind child witness during child's testimony did not affect jury's assessment of the witnesses' credibility); *State* v. *Hoyt*, 806 P.2d 204 (Utah App. 1991)(witness of tender years may be accompanied to witness stand by an adult to ease the inherent emotional turmoil of testifying); *State* v. *Jones*, 362 S.E.2d 330 (W.Va. 1987)(no prejudice shown in allowing seven-year-old victim to testify while sitting on foster mother's lap).

■ Appellant's third point on appeal is that the trial court erred in denying his motion in limine and allowing into evidence testimony concerning other acts allegedly committed by the appellant. During the trial the victim and Investigator Carr testified about appellant improperly touching the victim's siblings. This testimony was admissible under the rationale of *Free* v. *State*, 293 Ark. 65, 732 S.W.2d 452 (1987), where the supreme court stated:

> [W]e will allow such testimony to show similar acts with the same child or other children in the same household when it is helpful in showing 'a proclivity toward a specific act with a person or class of persons with whom the accused has a intimate relationship.'

*Id.* at 71, *quoting White* v. *State*, 290 Ark. 130, 717 S.W.2d 784 (1986). Appellant's third point is without merit.

Appellant's final point on appeal is that the trial court erred in allowing two counts of sexual abuse to go to the jury when there was insufficient evidence to support one of the charges. Again, appellant alleges prejudice but fails to identify it. Appellant also fails to cite any authority for this alleged error. We do not consider assignments of error that are unsupported by convincing argument or authority. *Womack* v. *State*, 36 Ark. App. 133, 819 S.W.2d 306 (1991).

Affirmed.

JENNINGS, C.J., and COOPER, J., agree.