Steve Robert HILL *v.* STATE of Arkansas

CR 98-1104                                988 S.W.2d 487

Supreme Court of Arkansas
Opinion delivered April 8, 1999
[Substituted opinion delivered April 13, 1999]

*Everett & Mars*, by: *John C. Everett* and *Elizabeth E. Storey*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Michael C. Angel*, Ass't Att'y Gen., for appellee.

L AVENSKI R. SMITH, Justice. Appellant, Steve Robert Hill, brings this appeal from a judgment of conviction for four counts of rape involving three children younger than age fourteen. The victims were Hill's three oldest daughters who ranged in age from seven to eleven. Hill received a sentence of life in prison for each count. Hill raises four points on appeal. He contends: (1) that the trial denied his right to a fair and impartial trial when it allowed the introduction of testimony concerning prior acts of defendant; (2) that the trial court erred in allowing the State to cross-examine Hill regarding a statement Hill made which the State failed to disclose during discovery; (3) that the trial court erred in allowing a witness to testify that the victims were telling the truth about the sexual abuse; and (4) that the trial court erred in allowing witnesses to remain in the courtroom after the rule had been invoked. We find no such errors and accordingly affirm the trial court's judgment.

Appellant and his wife, Gwendolyn, were married in 1984. They divorced in 1991 but remarried in December 1992. During the course of their two marriages, the Hills had nine children together including N.H., R.H., A.H., R.H., J.H., E.H., D.H., D.H. and M.H. The rape charges were filed based on accounts of sexual abuse reported by N.H., R.H., and A.H., the three oldest children, who were aged thirteen, eleven, and ten, respectively, at the time of trial. The Arkansas Department of Human Services Division of Children and Family Services (DCFS) initially investigated the family in 1996, while they lived in Bergman, Arkansas, because the children were not enrolled in school. The Hills enrolled the children immediately. However, in October 1996, following investigation, DCFS removed the Hills' children from their custody due to their home's unsanitary condition. DCFS placed the Hill children in foster care. Pursuant to DHS regulations, the children underwent general medical examinations by a physician on November 4, 1996. As part of the examination, the physician examined the children for signs of sexual abuse although, at that time, no report of abuse had been made. However, the DHS caseworker, Carol Thompson, testified at trial that

she suspected at that time that some type of abuse had occurred. The physician's examination revealed no signs of any type of abuse, except for an abnormality on N.H.'s hymen, possibly from a small, healed tear. However, the physician could not testify with any certainty what caused this abnormality.

On January 30, 1997, R.H.'s foster parents brought her to the DHS office because of a temper tantrum she had had earlier that day. At the office, R.H. told her caseworkers that she had been sexually abused by Hill. Soon after, N.H. and A.H. also disclosed that they, too, had been sexually abused by Hill. DHS reported this information to the Boone County Sheriff's Department, and the sheriff arrested Hill and his wife Gwen. The State brought charges for rape and incest against Hill. The prosecutor later dropped the incest charges. Boone County Circuit Court tried Appellant on the rape charges between February 17 and February 20, 1998, resulting in Hill's conviction.

*Rule 404(b)*

For his first point on appeal, Hill asserts that his right to a fair and impartial trial was denied when the trial court allowed the introduction of testimony by witnesses regarding prior physical abuse and torture of the family and statements made by the prosecutor during opening statements regarding group beatings of the family. Hill argues that this testimony was unfairly prejudicial to him in violation of Ark. R. Evid. 404(b). During the prosecutor's case-in-chief, witnesses N.H., R.H., A.H., and Gwendolyn Hill testified about physical abuse inflicted upon them and other family members by the appellant. N.H., in particular, stated appellant beat them almost daily with cords, belts, and flyswatters, and that appellant used an electric transformer to shock members of the family on the bottoms of their feet. Appellant contends on appeal that such testimony was unduly prejudicial and should have been excluded under Ark. R. Evid. 404(b).

In response, the State argues that Hill waived this issue on appeal because appellant failed to make a contemporaneous objection when the evidence came in. *Smith v. State*, 330 Ark. 50, 53, 953 S.W.2d 870 (1997). Furthermore, the State argues that

Hill did not ask for a limiting instruction on the admission of the prior abusive conduct, and such failure did not preserve the issue for appeal. *Lindsey v. State,* 319 Ark. 132, 138, 890 S.W.2d 584 (1994). We agree and hold that appellant's failure to make contemporaneous objections to the testimony of witnesses regarding his physically abusive conduct towards them prevents him from asserting trial court error for its admission on appeal. *Smith, supra.* The record reflects that appellant made no objection during the testimony of these witnesses as they related accounts of appellant's physical abuse of them. To preserve a point for appeal, a proper objection must be asserted at the first opportunity after the matter to which objection has been made occurs. *Jones v. State,* 326 Ark. 61, 931 S.W.2d 83 (1996). Appellant's objection during the State's opening statement was not adequate to preserve the issue on appeal where no objection was made at the time testimony was given.

## Discovery Violation

■ In his second point on appeal, Hill argues that he was prejudiced at trial when the trial court allowed the State to cross-examine appellant regarding statements he made to a DHS caseworker after his arrest in the course of the worker's abuse investigation. Despite Hill's proper discovery requests, the prosecution did not turn over this document. There is no indication nor even assertion that this was a willful violation of the discovery request. Nonetheless, the parties agreed that the State's nonproduction of documents violated the discovery rules. However, we do not reach the merits of appellant's contention because appellant neglected to include the referenced document in his abstract. This Court has consistently held that arguments will not be considered where the supporting testimony or evidence has not been abstracted. *Evans v. State,* 331 Ark. 240, 241, 959 S.W.2d 745 (1998). We regard this as a fundamental rule. Ark. Sup. Ct. R. 4-2(a)(6). Information necessary for a proper understanding of the questions presented to the court must be contained within the abstract. *Richmond v. State,* 326 Ark. 728, 934 S.W.2d 214 (1996). Appellant bears the responsibility for producing a sufficient

abstract. Failure to do so prevents this court from reaching the merits of appellant's contention.

*Witness Testimony*

For his third point on appeal, Hill argues that the trial court erred by 1) allowing a witness to testify that the victims were telling the truth, and 2) allowing the witness to testify as to Hill's guilt. Specifically, Hill argues that Thompson, the DHS caseworker, testified that the three girls were telling the truth when they reported the sexual abuse to Thompson and other DHS workers. Furthermore, Hill argues that Thompson also testified as to Hill's guilt based on the allegations of abuse made in Missouri five years earlier in light of the rate of repeat offenders in child-abuse cases. The State argues in response that Thompson was only testifying about the Department's criteria for evaluating the children's allegations of sexual abuse. The State further argues that even if the trial court erred in allowing the testimony, prejudice did not result because the overwhelming evidence from the children defeated any prejudice which may have been created. We agree with the State and affirm the trial court's admission of the testimony.

Appellant correctly states the law when he contends that it is error for the court to permit an expert, in effect, to testify that the victim of a crime is telling the truth. *Logan v. State,* 299 Ark. 255, 773 S.W.2d 419 (1989); *Russell v. State,* 289 Ark. 533, 534, 712 S.W.2d 916 (1986); *Johnson v. State,* 292 Ark. 632, 732 S.W.2d 817 (1987). However, appellant fails to properly apply that precedent to the facts of the case at bar. In *Logan,* a clinical psychologist testified immediately following the victim and was posed a series of long and complicated hypothetical questions. In that case, we held that the very essence of the expert's testimony was that he thought the victim was telling the truth. In the instant case, Thompson's testimony on direct examination responded to questions regarding the criteria used by the Department in evaluating a child's statement when sexual abuse has been alleged. Reviewing the witness's testimony, it is our holding that Thompson's statements were not improper but were valid evidence of the Department's procedures in general, and, in specific, constituted

evidence of the procedures followed in this case by the Department in its investigation. She was not testifying as an expert about hypothetical circumstances but testified as a fact witness about the Department's guidelines employed in this and similar cases to determine whether a child's allegations warrant an investigation. Upon appellant's objection, the court responded that the jury was entitled to understand the State's interview and investigation techniques. The court also indicated that the witness would have to stop short of bolstering the children's testimony. In permitting this testimony, we find no error in the trial court.

### Exclusion of Witnesses from the Courtroom

Hill's final point on appeal is whether the trial court erred in failing to exclude three subpoenaed witnesses from the courtroom after Hill invoked the "rule." At trial, Hill invoked the "rule," but the trial court allowed the foster parents and one DHS caseworker, Vicky Garner, to remain in the courtroom while the children testified because the children were afraid and wanted "supportive faces" in the audience. Hill claims this is error in violation of Ark. R. Evid. 615 and because part of Hill's defense was that the children had been told to make these allegations against him.

The "rule," Rule 615, requires the exclusion of witnesses from the courtroom to prevent them from adjusting their testimony based upon what they have heard prior witnesses say. Exclusion is mandatory upon request by either party, and only specific exceptions exist to allow witnesses to remain in the courtroom. *Clark v. State*, 323 Ark. 216, 216, 913 S.W.2d 297 (1996). The standard of discretion given to the trial court is no discretion because the rule is mandatory. *Blaylock v. Strecker*, 291 Ark. 340, 344, 724 S.W.2d 470 (1987). "The purpose of Rule 615 is to expose inconsistencies in the testimonies of different witnesses and 'to prevent the possibility of one witness's shaping his or her testimony to match that given by other witnesses at trial.'" *Clark, supra*, 323 Ark. at 217, quoting *King v. State,* 322 Ark. 51, 55, 907 S.W.2d 127, 129 (1995).

As noted, however, exceptions to the rule do exist; principally, Ark. R. Evid. 616 allows a victim to be present in the

courtroom during testimony. Furthermore, it provides that if the victims are under age eighteen, those children are allowed to have their parents, guardian, custodian, or other person with custody of the children to be present. Ark. R. Evid. 616. This Court has allowed a child's guardian to be present during the child's testimony at trial on previous occasions. *See, Kester v. State*, 303 Ark. 303, 797 S.W.2d 704 (1990). Though not precedent for this Court, we note the Arkansas Court of Appeals has specifically allowed a DHS caseworker to be present at trial when the victim is a child in DHS custody at the time of trial, and the child had the right to have his representative there under Rule 616. *Gadberry v. State*, 46 Ark. App. 121, 877 S.W.2d 941 (1994). Conspicuously absent from appellant's brief is any discussion of Rule 616's applicability to the facts of this case. Nor has appellant demonstrated that any prejudice resulted from the trial court not excluding the witnesses. In fact, appellant never called the witnesses to take the stand. Prejudice is not presumed, and the court will not reverse absent a showing of prejudice. *Clark, supra*, 323 Ark. at 216-217. We hold that the trial court did not err in permitting either the caseworker or the foster parents to be present during the hearing. They are covered by the exceptions stated in Rule 616.

### *Rule 4-3(h) Review*

The record has been reviewed pursuant to Ark. Sup. Ct. R. 4-3(h), and it has been determined that there are no errors with respect to rulings on objections or motions prejudicial to Hill not discussed above.

Affirmed.