Donald O. ATCHISON, Jr. *v.* STATE of Arkansas

CA CR 98-1293                                5 S.W.3d 491

Court of Appeals of Arkansas
Divisions IV and I
Opinion delivered December 8, 1999
[ Petition for rehearing denied January 12, 2000.* ]

---

* GRIFFEN, J., would grant.

*William R. Simpson, Jr.*, Public Defender; *Tim Blair*, Deputy Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Mac Golden*, Ass't Att'y Gen., for appellee.

OLLY NEAL, Judge. Appellant, Donald (Don) O. Atchison, Jr., appeals from a sentence given by the trial court following his guilty plea to one count of sexual abuse in the first degree and a plea of *nolo contendere* to one count of arson. After reviewing a presentence report and the sentencing ranges found in Ark. Code Ann. § 5-4-401 (Repl. 1996), the trial court sentenced Atchison to ten years' imprisonment for sexual abuse in the first degree and five years' imprisonment for arson with the sentences to be served consecutively. On appeal, Atchison contends that during the sentencing phase of trial, the trial court erred in permitting the State to present evidence of offenses for which he had not been convicted.

The evidence presented in the record showed that, from January through April of 1997, Don Atchison sexually molested his girlfriend's young son. On February 23, 1998, Atchison entered the pleas mentioned above, and the trial court conducted a sentencing hearing on March 25, 1998. At the hearing, the victim's mother and two law enforcement officials testified for the prosecution as witnesses. However, prior to the testimony of Detective Jeff Wataski, the prosecutor asked the circuit judge for permission to consider a statement of *Miranda* rights signed by Atchison in regard to a sexual-abuse allegation that Atchison had fondled another young child. At that point, the circuit judge told the prosecutor that "I'm going to consider it if you want to proffer it."

Jeff Wataski thereafter testified that on March 11, 1998, he and Detective Mike Shepherd came in contact with Atchison and read Atchison his *Miranda* rights. Wataski testified that Atchison understood and signed the statement-of-rights form. When the prosecutor moved to admit the *Miranda* rights form into evidence, defense counsel objected on grounds that the officers violated Atchison's Sixth Amendment rights when they questioned Atchison with knowledge that he had a sentencing hearing set for this case and that Atchison was represented by counsel at that time. Defense counsel further objected on the ground that Wataski's testimony was irrelevant because it focused on an incident that occurred after the present crimes were committed. The circuit judge overruled defense counsel's objections and allowed the prosecutor to proceed. The following colloquy occurred after the circuit judge stated to defense counsel that he would note his objections for appeal purposes:

> PROSECUTOR: As to relevance, again, that is in the sentencing and if this is a situation where there are multiple victims of sex offenders that it is admissible.
>
> THE COURT: But he's only been charged with those at this point, he's not been convicted, correct?
>
> PROSECUTOR: That's correct. But, again, that's evidence that the Court can consider.
>
> THE COURT: That's where I think that you and I differ in our agreement but you may proceed.

The circuit judge allowed the *Miranda* rights form to be admitted into evidence.

The next witness called on behalf of the State was Detective Mike Shepherd. He testified that on March 11, 1998, he was assigned to investigate Atchison concerning allegations of fondling a five-year-old child in the North Little Rock area, other than his girlfriend's child. He testified that during his investigation, he found that Atchison's personal computer contained several photographs of child pornography. He stated that Atchison appeared to be coherent when the officers read him his rights and when he signed his name on the rights form. Shepherd further testified that Atchison gave a voluntary, taped statement about the allegations and that Shepherd had a transcribed version of the interview to

present to the court. At that point, the defense counsel renewed his previous objection. However, the circuit judge overruled the objection and allowed the State to mark the statement for identification. The prosecutor was then able to elicit testimony from Shepherd that Atchison admitted to a history of molesting children, including Atchison's own daughter. Shepherd testified that Atchison sought rehabilitation some eight years ago. Defense counsel objected once again to Shepherd's testimony on the basis that the taped version of Atchison's statement should have been presented to the trial court instead of the officer's recollection. The trial court sustained the objection. Shortly thereafter the circuit judge pronounced sentence.

Atchison does not dispute the victim-impact testimony offered by the victim's mother in this case. However, Atchison does contend that the trial court erred in allowing the State to introduce evidence concerning the March 11, 1998, allegation of sexual abuse. In support of this point, he argues that the record reflects that the trial court considered this evidence in making its sentencing decision.

In the present case, the circuit judge did state that he relied on the presentence report in departing from the sentencing standards grid under Ark. Code Ann. § 16-90-803 (1987). In regard to the presentence report, the circuit judge made the following remarks:

> I see what the grid shows that [sic] the presumptive sentence to be, but because of the details listed in the pre-sentence report, which I have gone over rather carefully, both before the hearing started this morning and since that time, it will be the judgment and sentence of the Court that on Count I, the arson charge, the defendant is ordered to serve a term of five years in the Arkansas Department of Correction. On Count II, the sexual abuse charge, he is sentenced to serve a term of ten years in the Arkansas Department of Correction and those terms will be served consecutively one to the other.

Here, the trial court announced that it relied on the presentence report, without objection from appellant. Further, appellant has not abstracted the presentence report in the record on appeal. It is a fundamental rule that arguments will not be considered where the supporting testimony or evidence has not been abstracted. *Hill v. State*, 337 Ark. 219, 988 S.W.2d 487 (1999). Information necessary for a proper understanding of the questions

presented to the court must be contained within the abstract. *Id.* It is the appellant's burden to produce a record sufficient to demonstrate error, and the record on appeal is confined to that which is abstracted. *Martin v. State*, 337 Ark. 451, 989 S.W.2d 908 (1999).

■ Because the presentence report provides the basis for appellant's contention that his sentence was "at least in part" based upon the additional sexual-abuse allegation against him, we cannot say that the trial court committed error in sentencing appellant.[1] For these reasons, the trial court's decision is affirmed.

Affirmed.

ROBBINS, C.J., BIRD, and CRABTREE, JJ., agree.

JENNINGS, J., concurs.

GRIFFEN, J., dissents.

JOHN E. JENNINGS, Judge, concurring. While I agree with the majority opinion, there is another reason why this case must be affirmed: the evidence in question is specifically permitted by statute. Arkansas Code Annotated section 16-97-103(6) provides that at a sentencing hearing the court may consider evidence of aggravating circumstances. Arkansas Code Annotated section 16-90-804(d)(2)(F) includes as an aggravating factor that "the offense was a sexual offense and was part of a pattern of criminal behavior with the same or different victims under the age of eighteen years manifested by multiple incidents over a prolonged period of time." Therefore, the evidence in issue was relevant to sentencing.

WENDELL L. GRIFFEN, Judge, dissenting. Notwithstanding the "fundamental rule" that arguments will not be considered where the supporting testimony or evidence has not been abstracted, *see Hill v. State*, 337 Ark. 219, 988 S.W.2d 487

---

[1] The dissent cites *Walls v. State*, 336 Ark. 490, 986 S.W.2d 397 (1999), as the controlling authority in this case. However, we distinguish the present case from *Walls*. In *Walls*, the supreme court reversed and held that the circuit judge abused his discretion "when he allowed testimony about the Stocks murders in as victim-impact evidence *and when he held Walls responsible for those murders in fixing his sentence.*" *Id.* at 501, 986 S.W.2d at 403 (emphasis added). In the present case, however, Atchison has failed to abstract the presentencing report, which he contends the trial court considered in determining his sentence. The record on appeal is limited to what is abstracted. *K.M. v. State*, 335 Ark. 85, 983 S.W.2d 93 (1998).

(1999), I would reverse the result reached below and remand this case to the trial court for resentencing. I do not condone appellant's conduct in molesting children. However, our supreme court has held that it is fundamentally unfair to punish a person, even a child molester, based on evidence of conduct for which he was neither convicted nor charged. *Walls v. State*, 336 Ark. 490, 986 S.W.2d 397 (1999).

Donald Atchison has appealed the sentence he received in the Pulaski County Circuit Court of five years' imprisonment for arson and ten years' imprisonment for sexual abuse in the first degree, to be served consecutively. Atchison specifically challenged the sentencing determination for sexual abuse and argues that the trial court erred by allowing the State to introduce evidence during the sentencing phase of subsequent criminal activity for which he had not been convicted. He pled guilty to the sexual-abuse charge based on the allegation that from January 1, 1997, through April 30, 1997, appellant engaged in sexual contact with a person, not his spouse, who was less than fourteen years old. The victim was his girlfriend's four-year-old son. Appellant's girlfriend testified about the effect of the incident on herself and her children. Appellant did not object to that victim-impact testimony.

During the sentencing phase the State — despite timely objections by defense counsel and cautioning by the trial judge — introduced evidence of a subsequent investigation involving appellant. Through testimony by a Little Rock detective, Jeff Wataski, the State introduced the statement of a *Miranda* rights form that Wataski read to appellant on March 11, 1998, in connection with charges in another case that he and Officer Mike Shepherd investigated based on allegations that appellant fondled a five-year-old child in North Little Rock and that police officers had discovered ten to twenty thousand pornographic pictures on appellant's computer, many of which were of children. Defense counsel objected to the officer's verbal account of the taped statement and argued that the tape should have been placed into evidence. The trial court agreed and called a recess to allow the State to introduce the tape, but the State never did so. The trial judge stated when he imposed sentencing that he would depart from the sentencing grid because of details in a presentence report.

Appellant was not charged in this case with any of the conduct that Detectives Shepherd and Wataski testified about involving other children. He certainly was not convicted based on that conduct; he entered a guilty plea only to the allegation that he molested the son of his girlfriend, not another child. It is quite revealing that the prosecution introduced evidence about alleged molestation of other children during the sentencing phase but never charged appellant concerning that conduct. Equally revealing is that the trial judge told counsel for the State before the testimony adduced through Wataski and Shepherd was introduced, "I think you're committing reversible error . . . ." In overruling defense counsel's relevance objection to Wataski's testimony, the trial judge stated, "I think you're right, Mr. Blair. Ms. Ator seems to think she's right, so if I'm going to err, I guess I ought to err on the side of your argument, but she seems so sure that she's correct I'm going to overrule your objection but let it be noted for appeal purposes."

I reject the idea that a guilty plea exposes an accused to anything that the prosecution chooses to introduce during the sentencing phase, whether or not it is pertinent to the offense for which he was charged. The rights of an accused person are violated when such evidence is offered because the prosecution is not required to prove the allegations beyond a reasonable doubt before subjecting an accused to criminal punishment. If the prosecution is unwilling or unable to prove allegations of alleged criminal conduct beyond a reasonable doubt after affording the accused the right to confront those allegations during the guilt phase, it has no business trying to get the benefit of a conviction by tossing those unrelated allegations into the sentencing phase in a different case.

The fact that the presentence report mentioned the same allegations but was not challenged when offered into evidence does not erase the objections that were timely made and which should have been sustained. The presentence report was simply cumulative of evidence that had already been improperly admitted into evidence over timely objections. The fact that appellant's sentence for the sexual-abuse charge was within the statutory range does not render the State's conduct less objectionable or the trial court's error harmless. Even the trial judge acknowledged that the prosecution was committing reversible error.

Our supreme court put this question clearly to rest in *Walls v. State, supra,* when it reversed Jack Walls's sentence following his guilty plea to five counts of rape and a plea of *nolo contendere* to one count of rape. The trial judge sentenced Walls to two forty-year terms and four life terms in prison, to be served consecutively, following a sentencing hearing. At the sentencing hearing the trial judge permitted the State to introduce testimony from the grand-mothers of Heath Stocks, one of the rape victims who was convicted of murdering his parents and sister. Stocks had pled guilty and been sentenced to life in prison without parole. The grand-mothers testified about the murders, the victims of the murders, and the effects of those murders on their grandson (Stocks). Although the trial judge overruled defense objections, the supreme court reversed and remanded the case for re-sentencing. Justice Brown concluded the majority opinion as follows:

> We hold that the circuit judge abused his discretion (1) *when he allowed this testimony about the Stocks murders in as victim-impact evidence,* and (2) when he held Walls responsible for those murders in fixing his sentence.

> This issue really brings into sharp focus the protections afforded defendants in the criminal justice system. No matter how reprehensible the crimes committed, it is an article of faith in criminal law that we do not sentence for crimes that have not been proven. Nor should victim-impact evidence be used as a vehicle for testimony that Walls was an accessory to the murder of the Stocks family. We recognize how difficult a second sentencing hearing will be for the victims and their families. Nevertheless, if the criminal justice system is to have any credence at all, it must adhere to certain basic principles. It is unfair in the extreme for the sentencing judge to consider testimony of an uncharged, unproven crime for sentencing purposes under the aegis of victim-impact testimony.

*Id.* at 501, 986 S.W.2d at 403. (Emphasis added.)

Accordingly, I would reverse and remand this case for resentencing based upon the abuse of discretion committed by the trial judge. Even if he is to receive the maximum sentence permitted for his crime, fundamental fairness demands that appellant be sentenced for the crime he committed, not for other bad conduct for which he has not been tried or convicted, and which has no bearing on his punishment for molesting his girlfriend's son.