2009 Ark. App. 520

**Damont L. EWELLS, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–657.**

Court of Appeals of Arkansas.

July 1, 2009.

Danny R. Williams, North Little Rock, for appellant.

No response.

## JOHN MAUZY PITTMAN, Judge.

Appellant was found guilty of being a felon in possession of a firearm and sentenced to five years' imprisonment. Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Arkansas Supreme Court Rule 4–3(k) (2009), appellant's attorney has filed a motion to withdraw as counsel on the ground that the appeal is wholly without merit. The motion is accompanied by an abstract, brief, and addendum including motions, objections, and requests decided adversely to appellant and a statement of reasons why none of those rulings would be a meritorious ground for reversal. We deny the motion and direct that the case be re-briefed in adversarial form.

The test for determining whether an appeal is without merit is not whether counsel thinks that the trial court committed no reversible error, but rather whether the points to be raised on appeal would be "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396. Under *Anders*, the appellate court is also required to make a determination, "after a full examination of all the proceedings," whether the case is wholly frivolous. After examining the record, we are not convinced that the appeal is wholly without merit or so frivolous that it may be decided without an adversary presentation. *Ofochebe v. State*, 40 Ark.App. 92, 844 S.W.2d 373 (1992). We need not and do not determine whether error was committed; we hold merely that some of the issues raised are not wholly frivolous. *See id.* By way of example, this case presents issues regarding the trial court's rulings in favor of the State regarding arguably erroneous statements of law made by counsel in closing arguments. These issues are not so clearly without merit that they do not require an adversarial presentation. Consequently, counsel's Rule 4–3(k) motion to withdraw is denied, and appellant's counsel is directed to brief in adversarial form these issues, and any other that counsel deems appropriate, within thirty days.

We note that counsel has also moved to be relieved under Rule 4–3(k) on the grounds that a "potential" conflict of interest has arisen between appellant and counsel that requires withdrawal of counsel. However, counsel has stated no facts that support this assertion. Any motion by counsel for a defendant to withdraw made after a notice of appeal has been filed must contain a statement of a reason for the request pursuant to Rule 4–3(k)(1). In the absence of any statement of facts that would constitute a reason to believe that there is in fact a conflict of interest of sufficient weight to merit withdrawal, this motion is also denied.

Motion to withdraw denied; rebriefing ordered.

VAUGHT, C.J., and GLADWIN, J., agree.