WAYMOND M. BROWN, Judge
Appellant appeals from the circuit court's order revoking his suspended imposition of sentence on finding him guilty of simultaneous possession of drugs and firearms, possession of cocaine with intent to deliver, and possession of drug paraphernalia. Appellant's counsel has filed a no-merit brief and a motion to withdraw, pursuant to Anders v. California[1] and Arkansas Supreme Court Rule 4-3(k),[2] stating that there are no meritorious grounds to support an appeal. The clerk mailed a certified copy of counsel's motion and brief to appellant, informing him of his right to file pro se points for reversal. Appellant has filed pro se points for reversal. We deny counsel's motion to withdraw and order supplementation of the record and rebriefing.
Case number CR-2009-500 is referenced on two documents in the record. However, beyond the references, no other document currently in the record or addendum refers to, details the progression of, or explains the pertinence of case number CR-2009-500. This court was able to discern that case number CR-2009-500 is appellant's first revocation in case number CR-2005-1107; his terms and conditions advised him of his exposure if he committed a violation thereof. In Jones v. Flowers , our supreme court stated that "the burden of providing a record sufficient to demonstrate error is upon the appellant."[3] While our rules do not specifically fix the contents of a criminal record, Arkansas Supreme Court Rule 3-4(a) clearly contemplates inclusion of any document imposing and/or altering a sentence in a case before this court.[4]
A review of the abstract shows that it is deficient. It leaves out pertinent testimony, such as that of Greg Napier, of the Fort Smith Police Department, that he met with the confidential informant (CI) "prior to the deal"; the "[CI] was searched to make sure that she didn't have any drugs, contraband or money in her possession"; and the money provided was pre-recorded. The abstract also does not include Napier's testimony that after the CI made the transaction, they "did the reverse[,]" i.e., "searched her to make sure she did not have contraband, money[,]" and she did not. This testimony is pertinent to the sufficiency of the evidence in support of appellant's revocation. Information *782 necessary for a proper understanding of the questions presented to the court must be contained within the abstract.[5] Without an adequate brief that contains a sufficient abstract of the record, we cannot make a reasoned decision on whether the appeal is without merit or whether counsel is entitled to be relieved.[6]
The circuit court's November 7, 2005 judgment and commitment order shows that appellant pleaded guilty to five drug-related charges and a charge of felon in possession of firearms in case number CR-2005-1107-B. Following this order, the next documents in appellant's addendum all pertain to case numbers CR-2015-222 and CR-2015-222-A, beginning with a March 10, 2015 criminal information filed against appellant in case number CR-2015-222-A.
There is a whole trail of documents missing from the addendum-which are in the record-between the circuit court's November 7, 2005 judgment and commitment order and appellee's March 10, 2015 criminal information that detail the progression of the matter before the circuit court. The missing documents include multiple plea statements, including appellant's plea statement in case numbers CR-2005-1107 and CR-2015-222; multiple petitions to revoke; a second terms and conditions of suspended sentence signed by appellant in case number CR-2005-1107, which also references case number CR-2009-500; and the original judgment and commitment order in case number CR-2005-1107(b), which also references " 'PTR Revocation' CR-2005-500[.]"
Arkansas Supreme Court Rule 4-2(a)(8)(A) states that the addendum must include "any other pleading or document in the record that is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal." At the opening of appellant's revocation hearing in case number CR-2015-222, the circuit court admitted into evidence a certified prior conviction in case number CR-2017-375. The conviction in case number CR-2017-375 forms the basis for the circuit court's revocation of appellant's probation. While that document is in the record, it is not in the addendum. Also missing from the addendum is the Arkansas State Crime Lab's drug-analysis report, which confirmed the field-tested drug to be cocaine and identified its weight and was admitted as an exhibit below. Exhibits before the circuit court are essential documents.[7]
The test for determining whether an appeal is without merit under Rule 4-3(k) is not whether counsel thinks that the circuit court committed no reversible error, but whether an appeal would be "wholly frivolous."[8] In light of the above-referenced deficiencies, we cannot make such a determination.
Accordingly, we remand for supplementation of the record to correct the above-referenced deficiencies within thirty days. Within fifteen days of filing the supplemental record, appellant shall file a substituted abstract, addendum, and brief curing all above-referenced deficiencies in compliance with *783 Arkansas Supreme Court Rule 4-2. We encourage appellant's counsel to review Rule 4-2 of the Rules of the Arkansas Supreme Court and Court of Appeals to ensure that the substituted abstract, brief, and addendum comply with the rules and that no additional deficiencies are present; this list is not exhaustive.
Supplementation of the record and rebriefing ordered; motion to withdraw denied.
Gruber, C.J., and Harrison, J., agree.

386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

(2017).

359 Ark. 443, 448, 198 S.W.3d 520, 523 (2004), rev'd on other grounds (citing Raymond v. State , 354 Ark. 157, 118 S.W.3d 567 (2003) ).

Lockhart v. State , 32005 WL 3008675, slip op. at 1 (unpublished) ("While our rules do not specifically fix the contents of a criminal record, Ark. Sup. Ct. R. 3-4(a) clearly contemplates inclusion of the charging document in any criminal record presented to us.").

Atchison v. State , 68 Ark. App. 231, 234-35, 5 S.W.3d 491, 493 (1999) (citing Hill v. State , 337 Ark. 219, 988 S.W.2d 487 (1999) ).

Hobbs v. State , 2013 Ark. App. 423, at 2, 2013 WL 3253733 (citing Anders , supra ; Mitchell v. State , 327 Ark. 285, 938 S.W.2d 814 (1997) ).

See Powell v. State , 2013 Ark. App. 149, at 3, 2013 WL 749772 ; Ark. R. App. P.-Crim. (4)(d).

Hobbs v. State , 2013 Ark. App. 423, at 2, 2013 WL 3253733 (citing Ewells v. State , 2009 Ark. App. 520, 334 S.W.3d 876 ).