Cite as 2021 Ark. App. 414

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-20-384

| | | |
|---|---|---|
| | | **Opinion Delivered** October 27, 2021 |
| JOSHUA M. MILLER | | |
| | APPELLANT | APPEAL FROM THE BAXTER COUNTY CIRCUIT COURT [NO. 03CR-18-155] |
| V. | | |
| | | HONORABLE JOHN R. PUTMAN, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | AFFIRMED |

## MIKE MURPHY, Judge

On November 13, 2019, the appellant, Joshua Miller, was found guilty by a Baxter County jury of the following: obstructing governmental operations, theft of property, commercial burglary, possession of drug paraphernalia, possession of Suboxone, possession of methamphetamine, and possession of marijuana. These charges were brought in three separate cases: 03CR-18-155, 03CR-19-129, and 03CR-19-127. They were all tried together at one two-day jury trial. The records were again separated for appeal, and the underlying case for this appeal is 03CR-18-155. The charges in that case were possession of methamphetamine, a Class D felony, and possession of Suboxone, a Class A misdemeanor. This is the second time this case has come before the court. Originally it was presented to this court as a no-merit brief, but we ordered rebriefing due to briefing deficiencies in *Miller v. State*, 2021 Ark. App. 299. It has now returned as a merit brief. On appeal, Miller argues that the circuit court erred in remedying a violation of Arkansas Rule of Evidence 615. We

affirm.

On April 7, 2018, Officer Josh Evans pulled Miller over for a traffic violation. When he searched Miller, he found a white crystal substance and orange strips that looked like Suboxone. He testified that Miller admitted they were methamphetamine and Suboxone. Both items were admitted into evidence. Benjamin Gilbert with the state crime lab testified remotely via Skype. He testified regarding evidence specific to case 03CR–18–155. He said that the orange strips were consistent with Suboxone, but he did not test it. He said that he tested the crystal substance, and it was methamphetamine. When it was time for the court to hear testimony as it related to 03CR–19–129, it became apparent that the next witness from the state crime lab, Kim Brown, was in the room while Gilbert testified. Miller's counsel objected due to a violation of "the Rule," which had been invoked at the beginning of trial.

"The Rule" requires the exclusion of witnesses from the courtroom to prevent them from adjusting their testimony on the basis of what they have heard prior witnesses say. Exclusion is mandatory upon request by either party, and only specific exceptions exist to allow witnesses to remain in the courtroom. Ark. R. Evid. 615; *Hill v. State*, 337 Ark. 219, 225, 988 S.W.2d 487, 491 (1999). The standard of discretion given to the circuit court is no discretion—the rule is mandatory. *Id*. The purpose of the Rule is to expose inconsistencies in the testimony of different witnesses and to prevent the possibility of one witness's shaping his or her testimony to match that given by other witnesses at trial. *Id*. On appeal, we determine whether the error of the circuit court concerning a Rule 615 challenge

was harmless or prejudicial. *Clark v. State*, 323 Ark. 211, 216–17, 913 S.W.2d 297, 300 (1996).

Miller argues that the circuit court erred when it allowed Brown to testify and, further, that prejudice is presumed. Miller is mistaken. Prejudice is not presumed, and we do not reverse absent a showing of prejudice. *Id*. In his brief to this court, Miller does not identify or explain how he was prejudiced. Absent such a showing, we affirm.

Affirmed.

BARRETT and VAUGHT, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.