## John M. BURNETT *v.* SUPREME COURT COMMITTEE ON PROFESSIONAL CONDUCT

04–137                                                      197 S.W.3d 458

Supreme Court of Arkansas
Opinion delivered November 4, 2004

*Williams & Anderson PLC,* by: *Peter G. Kumpe, David M. Powell,* and *Sarah M. Priebe,* for appellant.

*Stark Ligon,* Executive Director and *Nancie M. Givens,* Deputy Director for appellee.

BETTY C. DICKEY, Chief Justice. Attorney John M. Burnett appeals the Supreme Court Committee on Professional Conduct's denial of his motion to dismiss the complaint against him.

Burnett contends that the Committee erred in denying his motion to dismiss because the principles of *res judicata* and double jeopardy apply to proceedings before the Committee. The Committee's denial of Burnett's motion to dismiss is not a final appealable order, as required by Section 12 of the Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law and therefore, we do not address the merits. The appeal is dismissed.

*Facts*

Sometime in 2000, the Supreme Court Committee on Professional Conduct ("the Committee") filed a complaint against attorney John M. Burnett, based upon the affidavits of Kimberly Canova, a Fayetteville attorney, Christine Bohannon, the deputy clerk of the Carroll County clerk's office ("the clerk's office"), and Ramona Wilson, the Carroll County Circuit Clerk. The complaint alleged that Burnett violated Rules 3.3(a)(1), 4.1, and 8.4(c) of the Model Rules of Professional Conduct.

The first count of the complaint alleged that Burnett placed a fraudulent file mark on an answer in violation of Model Rule 3.3(a)(1) which requires that a lawyer not knowingly make a false statement of material fact or law to a tribunal. The second count alleged that he falsely advised opposing counsel, Kimberly Canova, that he had filed a timely answer in the divorce proceeding of *Moyer v. Moyer,* in violation of Rule 4.1(a) which requires that a lawyer not knowingly make a false statement of material fact or law to a third person. The final count accused Burnett of violating Rule 8.4(c) which requires that a lawyer not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation: (1) by checking out the circuit clerk's file in the *Moyer* case and returning it with a pleading which had not been previously in the file and which bore a false file-mark; (2) by placing a file-mark on an answer that he prepared for Mr. Moyer which was not authentic; and, (3) by falsely advising Canova that he filed a timely answer on behalf of Mr. Moyer.

Burnett responded to the complaint by saying: (1) his secretary filed the answer in the *Moyer* case on June 28, 2000; (2) during the first week of July he received a motion for default judgment with a certificate of service dated June 14, 2000, the day after the divorce complaint was filed; and, (3) he called Canova and faxed a copy of the answer to her and she apologized for the confusion, stating that she must have misplaced the answer.

On March 20, 2001, after investigating the allegations, the Committee determined that Burnett "has not been found to have violated any rule of professional conduct in this matter, and, therefore, disciplinary action is not warranted."

On September 17, 2002, the Committee filed a second complaint against Burnett based upon a second affidavit of Ramona Wilson. The second complaint was based upon the same factual conduct as the first and contained three allegations, two of which were the same allegations as contained in the first complaint. First, the new complaint alleged that Burnett violated Rule 3.3(a)(1) by falsely stating in the motion to strike that he had timely filed an answer on behalf of Mr. Moyer with the Carroll County Clerk's office. Second, the complaint stated that Burnett violated Model Rule 8.1(a) by making a false statement of material fact before the Committee on Professional Conduct advising the Committee that the file-mark on the answer in the Moyer case was authentic, and that he had filed an answer in the Carroll County Clerk's office on June 28, 2000. The third and final allegation of the complaint accused Burnett of tampering with the Circuit Clerk's *Moyer* case file, in violation of Rule 8.4(c) by placing in the file a pleading upon which he had placed a fictitious file-mark.

Burnett responded to the second complaint by attaching the affidavit of his secretary who stated that she filed the answer in the *Moyer* case on June 28, 2000. In addition, Burnett attached the affidavit of his law clerk who testified that he remembered the *Moyer* answer being filed on June 28, 2000, and who also testified that he told the secretary to take the original answer to the clerk's office and make copies.

Burnett then moved to dismiss the second complaint because it was based upon the same set of factual allegations as the first and *res judicata* prevented those causes of action from being relitigated.

Stark Ligon, the Executive Director of the Committee, responded to Burnett's motion by stating that the Committee is not bound by the rules of the court and is not required to strictly adhere to the rules of evidence or the rules of procedure, because attorney discipline proceedings are *sui generis*. Ligon added that because there was no Arkansas case law dealing with the application of *res judicata* in a disciplinary proceeding, the Committee, not the Executive Director's office, would have to decide whether or not Burnett's motion to dismiss should be granted.

On January 6, 2004, the Committee denied Burnett's motion to dismiss without addressing the merits of the motion. On January 22, 2004, Burnett filed a notice of appeal. On January 26, 2004, the Committee issued an order continuing the hearing scheduled for February 20, 2004, until such time as this court could rule upon Burnett's appeal in this matter.

*Jurisdiction*

Although neither party raises the issue, it is well-settled that it is the duty of this court to determine that it has jurisdiction. *Farrell v. Farrell*, 359 Ark. 1, 193 S.W.3d 734 (2004); *Ford v. Ford*, 347 Ark. 485, 65 S.W.3d 432 (2002); *Haase v. Starnes*, 337 Ark. 193, 987 S.W.2d 704 (1999). The Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law ("the Procedures") establish the procedure for appeals from a decision of the Supreme Court Committee on Professional Conduct. Section 12(A) of the Procedures allows appeals to be taken from "any action by a panel taken at a public hearing," as long as a notice of appeal is filed with the Office of Professional Conduct within thirty days after the filing of the panel's written action with the Clerk. The Procedures clearly mandate that an appeal be taken only after *a public hearing*. In the present case, Burnett is not appealing an action by a panel taken at a public hearing; instead, he is challenging the Committee's order denying his motion to dismiss.

Furthermore, Section 12(C) of the Procedures provides that notice and perfection of an appeal shall be in accordance with the Rules of Appellate Procedure–Civil and Rules of the Arkansas Supreme Court governing appeals in civil matters. As the Committee's denial of Burnett's motion to dismiss was not an action taken at a pubic hearing, it is not a final order, as required by Ark. R. App. P.—Civ. 2(a)(1). Thus, we do not have jurisdiction to hear this case, and we dismiss the appeal without prejudice.

Appeal dismissed.