Oscar STILLEY *v.* FORT SMITH SCHOOL DISTRICT, University of Arkansas at Fort Smith and Jim Perry, *et al.*

05-666                                                    238 S.W.3d 902

Supreme Court of Arkansas
Opinion delivered September 14, 2006.

[Rehearing denied October 26, 2006.]

Appellant, *pro se.*

*Smith, Maurras, Cohen, Redd & Horan, PLC,* by: *S. Walton Maurras,* for appellee University of Arkansas Fort Smith.

*Thompson and Llewellyn, P.A.,* by: *William P. Thompson* and *James M. Llewellyn, Jr.,* for appellee Fort Smith School District.

JIM HANNAH, Chief Justice. On October 4, 2002, the Sebastian County Circuit Court entered an order imposing Rule 11 sanctions upon appellant Oscar Stilley in favor of appellees University of Arkansas Fort Smith (UAFS) and the Fort Smith School District (FSSD). This court affirmed. *See Parker v. Perry,* 355 Ark. 97, 131 S.W.3d 338 (2003). Subsequently, UAFS and FSSD filed motions to enforce sanctions, alleging that Stilley had failed to comply with the circuit court's order. Hearings were held on the motions and, on September 22, 2004, the circuit court entered an order directing

Stilley to provide certain information concerning his finances that he alleged prevented him from paying the sanctions.

In October 2004, UAFS and FSSD filed motions for contempt, alleging that Stilley had failed to comply with the September 22 order. Stilley responded to the motion for contempt and, on November 19, 2004, Stilley filed a motion for recusal. The circuit court denied the motion for recusal by order signed that same day and entered November 22, 2004.

The circuit court held a hearing on UAFS's and FSSD's motions for contempt, and judgment was entered on January 18, 2005, finding Stilley in contempt. On January 21, 2005, Stilley filed a pleading entitled "Submission of Documents Demonstrating the Court's Advocacy of Westark/UAFS." Then, on February 1, 2005, Stilley filed a "Motion to Amend Findings of Fact and Law and for Additional Specific Findings of Fact and Law Pursuant to Rule 52." The circuit court did not act upon the motion.

On appeal, Stilley argues: (1) that the circuit court erred in denying him a "competent court" at the trial court level and holding him in contempt without affording him a hearing upon his motion for recusal; (2) that he was denied due process when he was deprived of a competent court on appellate review in *Parker v. Perry, supra,* and is therefore still entitled to a rehearing before an Arkansas Supreme Court consisting of disinterested jurists; (3) that the circuit court erred in permitting appellees to reopen a case that had been closed by the mandate after an appeal, without a formal motion as required by Ark. R. Civ. P. 7(b); (4) that the circuit court erred in refusing to provide an attorney adequate notice and opportunity to defend on a specific charge of contempt; (5) that the circuit court erred in evading the requirements of due process for criminal contempt by couching a criminal contempt as a civil contempt, even though the sentence calls for a thirty-day incarceration, which the defendant cannot avoid by purging himself of any offensive conduct; (6) that the circuit court erred in incarcerating appellant for failure to pay a judgment under Rule 11, when there was neither a finding nor a rational basis for a finding that the failure to pay was occasioned by anything other than the inability to pay; and (7) that the circuit court erred in seizing 100% of appellant's receipts, with 50% to be returned from time to time.

Subsequent to Stilley's filing of his brief on appeal, appellees filed a motion to dismiss the appeal. We deny appellees' motion to dismiss. As to Stilley's arguments on appeal, we find no error and,

accordingly, we affirm. Because this case involves matters previously heard by the supreme court and concerns matters of attorney discipline, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(5), (7).

*Motion to Dismiss Appeal*

As an initial matter, we address the merits of appellees' motion to dismiss appeal. The order from which this appeal is taken was entered on January 18, 2005. On February 1, 2005, Stilley filed a motion to amend findings of fact and law and for additional specific findings of fact and law pursuant to Rule 52 of the Arkansas Rules of Civil Procedure. The circuit court took no action on that motion, and pursuant to Rule 52(b)(1), it was deemed denied on March 3, 2005. Thereafter, Stilley filed his notice of appeal on March 28, 2005.

Appellees argue that, pursuant to Ark. R. App. P. – Civ. 4(a), since more than thirty days elapsed between January 18, 2005, the date of the entry of the order from which this appeal is taken, and March 28, 2005, the date of the filing of the notice of appeal, the instant appeal is not timely. Although Stilley filed a motion pursuant to Rule 52, appellees contend that the rule is not applicable to this case, and consequently, Stilley's notice of appeal was not timely filed and the appeal must be dismissed for lack of jurisdiction.

Rule 4(a) provides that a notice of appeal shall be filed within thirty days from the entry of the judgment, decree, or order appealed from. However, upon the timely filing in the circuit court of a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), made no later than ten days after the entry of judgment, the time for filing the notice of appeal shall be extended for all parties. Ark. R. App. P. – Civ. 4(b). If the circuit court neither grants nor denies the motion within thirty days of its filing, the motion shall be deemed denied as of the thirtieth day, and the notice of appeal shall be filed within thirty days from that date. *Id.* Here, Stilley filed a Rule 52 motion on February 1, 2005, which was within ten days of the entry of the judgment on January 18, 2005.[1]

---

[1] January 18, 2005, fell on a Tuesday. Excluding intermediate weekend days, *see* Ark. R. Civ. P. 6(a), the tenth day fell on February 1, 2005.

■ Appellees' argument is not that Stilley failed to file a *timely* Rule 52 motion; rather, they argue that Rule 52 is inapplicable because pursuant to Rule 52(a), "Findings of fact and conclusions of law are unnecessary on decisions of motions under these rules." The order appealed from in this case resulted from appellees' filing of a motion for contempt. Appellees reason that since the findings of fact and conclusions of law are not required by the circumstances of this case, Stilley cannot use Rule 52 as a means for extending the time for appeal. We disagree. Notwithstanding the language in Rule 52 that makes findings of fact and conclusions of law unnecessary in decisions of motions, we have noted that, in some cases, it is the better practice for the circuit court to give an explanation of its decisions on motions. *See Bratton v. Gunn*, 300 Ark. 140, 777 S.W.2d 219 (1989). Moreover, there is no language in the rule that *prohibits* circuit courts from entering findings, nor is there a prohibition on requesting such findings.

■ Appellees also state that Rule 52 is inapplicable because it applies only to "judgments," and the January 18 order is not a judgment because it does not dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. In this case, the circuit court captioned the order as a "judgment." Even if it is not technically a judgment, this court reviews ordinary contempt proceedings under the rules and statutes pertaining to appeals. *Johnson v. Johnson*, 343 Ark. 186, 33 S.W.3d 492 (2000); *Frolic Footwear, Inc. v. State*, 284 Ark. 487, 683 S.W.2d 611 (1985). Appellees argue that, although a finding of contempt may be appealable under the proper circumstances, it is not converted into a "judgment" merely because it is appealable. We believe that a focus on the word "judgment" to deny a party the opportunity to request factual findings on an order of contempt would be elevating form over substance. In contempt cases, especially those such as the instant case where a party is facing potential incarceration, a party should be extended the opportunity to request findings from the circuit court.

■ Finally, appellees argue that Rule 52 is not applicable to this proceeding because its application is limited to pleadings of a "civil nature" by Rule 1 of the Arkansas Rules of Civil Procedure, and the order of January 18 is based on Stilley's refusal to comply with the circuit court's order of September 22, 2004,

from which no appeal is pending, to provide it with certain information in connection with Rule 11 sanctions. Appellees state that the issue before the court in the instant case is the discipline of an attorney, and such a proceeding is not a civil proceeding; rather, it is a proceeding *sui generis*. We disagree. While the court has stated that disciplinary proceedings of attorneys are *sui generis*, we have not suggested that we intended for the term "disciplinary proceedings" to encompass any sanction the circuit court might impose. Rather, the term refers to proceedings before the Committee. *See, e.g., Neal v. Matthews*, 342 Ark. 566, 30 S.W.3d 92 (2000) (review of disbarment proceeding); *Neal v. Hollingsworth*, 338 Ark. 251, 992 S.W.2d 771 (1999) (same). *See also Burnett v. Sup. Ct. Comm. on Prof'l Conduct*, 359 Ark. 279, 197 S.W.3d 458 (2004) (noting that the Committee responded to a party's res judicata argument by stating that the Committee is not bound by the rules of the court and is not required to strictly adhere to the rules of evidence and the rules of civil procedure because attorney discipline proceedings are *sui generis*). In sum, we deny appellees' motion to dismiss appeal. We now turn to Stilley's arguments on appeal.

### Motion for Recusal

On November 19, 2004, Stilley filed a motion to recuse. The same day, Stilley filed a motion to continue a contempt hearing set for November 23, 2004, and in that motion he asserted a right to a hearing on his motion to recuse. In the motion to recuse, Stilley alleged that Judge Marschewski had a "substantial, direct, pecuniary interest" in the outcome of the litigation, that he had "demonstrated a deep seated personal and deep seated bias and prejudice," and that Judge Marschewski denied a request to grant full medical expenses in an unrelated case. He further asserted that there were other instances of prejudice that he could cite but did not do so. No significant facts in support of these allegations were provided by Stilley in his motion to recuse.

In a November 22, 2004, order, the circuit court granted a continuance as to the contempt hearing to January 14, 2005, but denied the motion to recuse without a hearing. Stilley did not file a motion for reconsideration on his motion to recuse.

At the contempt hearing on January 14, 2005, Stilley asserted, for the first time, that Judge Marschewski had been a member of a UAFS committee that sought to obtain passage of the

taxes at issue in *Parker v. Perry*. Stilley did not move for Judge Marschewski to recuse, nor did Stilley move to renew his motion to recuse. However, at that time, Judge Marschewski stated that he had no recollection of being a member of any such committee and invited Stilley to present any evidence he had on the issue. Stilley made no attempt to introduce any evidence on this issue at the hearing, nor did he ask the circuit court to allow the record to remain open so that he could introduce evidence at a later date. Stilley had ample time to secure the evidence, as the circuit court continued the hearing, at Stilley's request, from November 22, 2004, to January 14, 2005.

At the close of the hearing, Judge Marschewski stated that the matter was being taken under advisement, and that a decision would issue by Monday or Tuesday of the following week, or in other words, by Tuesday, January 18, 2005, at the latest. Clearly, Judge Marschewski expected Stilley to present any evidence he had prior to taking the matter under submission on January 14, 2005. Even if Stilley believed that Judge Marschewski offered to consider any evidence introduced after the hearing, he certainly knew he had to present it to the court before Tuesday at the latest. Nevertheless, Stilley made no attempt to offer evidence prior to the judgment issuing on Tuesday, January 18, 2005.

Further, the judgment contains no mention of any motion to recuse brought by Stilley at the January 14, 2005, hearing. Thus, while Stilley made no specific motion to recuse on January 14, 2005, even if Judge Marschewski considered the matter, Stilley failed to obtain a ruling. Failure to obtain a ruling precludes appellate review because there is no order of a lower court on the issue for this court to review on appeal. *Pro-Comp Mgmt., Inc. v. R.K. Enters.*, 366 Ark. 463, 237 S.W.3d 20 (2006).

We note, however, that Stilley attempted yet again to raise the issue of Judge Marschewski's supposed committee membership on January 21, 2005, by way of a pleading entitled, "Submission of Documents Demonstrating The Court's Advocacy For Westark/UAFS." Attached to the pleading is a June 13, 2001, UAFS web posting listing Judge Marschewski as one of a number of "area leaders" who were to "lead the efforts of citizens, students, college faculty and staff in providing information to the voters, who will determine whether Westark College becomes a four-year university." The article indicates that a 1/4 cent sales tax would result if voters made Westark a four-year college. The second item attached to the pleading is a Wednesday, June 20,

2001, newspaper article from *The Times of Fort Smith* regarding ethics and advocacy of Westark supporters. Judge Marschewski is not mentioned in the article. The January 21, 2005, pleading includes no motion, does not seek reconsideration of the order entered on January 18, 2005, and makes no attempt to introduce the attached items into evidence. It asks the circuit court to do nothing with respect to recusal. In that regard, it is a nullity. Thus, we may not consider the "Submission of Documents Demonstrating The Court's Advocacy For Westark/UAFS."

■ Finally, on February 1, 2005, Stilley filed a Motion to Amend Findings of Fact and Law and For Additional Findings of Fact and Law Pursuant to Rule 52. Stilley states in his motion, among other things: "Does the Court find that it was never a member of a committee or other body charged with promoting a tax for Westark College, now UAFS? If so, are the documents submitted to the Court suggesting that this was the case simply erroneous?" As noted, the January 18, 2005, order makes no reference whatever to the issue of recusal, and Stilley made no request in his Rule 52 motion for a finding on recusal. Rather, Stilley asks the circuit court to respond to his pleading entitled, "Submission of Documents Demonstrating The Court's Advocacy For Westark/UAFS," which we have already found to be a nullity, and those documents were not introduced into evidence. The circuit court bore no obligation to respond to that pleading. There is nothing for this court to review on this issue or any other issue relating to recusal that arises after the denial of the November 19, 2004, motion to recuse.

As already noted, Stilley argues that the circuit court erred when it denied his November 19, 2004, motion to recuse without a hearing. According to Stilley, there is a rule that a hearing must be held any time a motion for recusal is filed and a request for a hearing is made. He is incorrect.

■ A judge is presumed to be impartial. *City of Dover v. City of Russellville*, 346 Ark. 279, 57 S.W.3d 171 (2001). The party seeking recusal must demonstrate bias. *Id.* A hearing is necessary where requested, *see Black v. Van Steenwyk*, 333 Ark. 629, 970 S.W.2d 280 (1998), and where there is more than a conclusory allegation that a judge is biased or otherwise subject to recusal. *See, e.g., City of Jacksonville v. Venhaus*, 302 Ark. 204, 788 S.W.2d 478 (1990); *Westbrook v. State*, 265 Ark. 736, 580 S.W.2d 702 (1979).

Stilley's motion was devoid of any facts supporting his assertion that Judge Marschewski should recuse. It raised no issue of fact or law to be considered in a hearing and was properly disposed of by summary denial. The circuit court did not abuse its discretion in denying Stilley's motion to recuse. Further, the circuit court did not abuse its discretion in denying Stilley's request for a hearing on the motion to recuse. There is no requirement that a hearing be held every time a litigant files a motion to recuse and asks for a hearing.

### Recusal of Supreme Court/Recall of the Mandate

Stilley argues that in the *Parker v. Perry* case, he was deprived of a competent court on appellate review, and is therefore entitled to a rehearing before an Arkansas Supreme Court composed of disinterested jurists. He requests that this court recall the mandate in *Parker v. Perry* and reinstate his complaint. After submitting his brief on appeal, Stilley filed a separate motion to recall mandate and remand for reinstatement of the complaint in the previous appeal. That motion, which raised the same arguments as are raised in his brief, was denied by this court on May 18, 2006. Having already disposed of these arguments in our denial of the motion, we need not address them on appeal.

### Ark. R. Civ. P. 7(b)

Stilley argues that the circuit court erred in permitting appellees to reopen a case that had been closed by the mandate after an appeal, without a formal motion as required by Ark. R. Civ. P. 7(b). Stilley states that appellees filed a "notice of noncompliance," which neither purported to be a motion nor set forth the relief sought, in violation of Rule 7(b). That rule provides:

> (1) An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.
>
> (2) All motions required to be in writing and any responses and replies shall include a brief supporting statement of the factual and legal basis for the motion, response, or reply and the citations relied upon. Any supporting affidavits shall be served with the motion, response, or reply. Failure to satisfy these requirements shall be

ground for the court's striking the motion, response, or reply. The court is not required to grant a motion solely because no response or brief has been filed.

■ FSSD filed a notice of noncompliance on July 29, 2004. Thereafter, UAFS filed a motion to enforce sanctions on August 4, 2004, and a motion for contempt on October 14, 2004. UAFS contends that the instant matter resulted from the filing of those motions and that both motions comply with Rule 7(b). We agree. In both of those motions, UAFS explained how Stilley had failed to comply with the court's prior orders and requested that the circuit court determine whether Stilley should be held in contempt. Stilley's argument that the case cannot be "reopened," and that the circuit court had no jurisdiction to create a "new case" and incarcerate him is without merit. It is within the circuit court's jurisdiction to enforce a previously entered order.

*Notice and Opportunity to Defend on Contempt Charge*

Stilley next argues that the circuit court erred in refusing to provide him notice and an opportunity to defend on a specific charge of contempt. He alleges that no one contends that any contempt was committed in the circuit court's presence, and that he respectfully and repeatedly demanded that he be given notice of the specific acts thought to be unlawful. The record reveals that UAFS's motion to enforce sanctions, filed on August 4, 2004, stated that Stilley failed to pay Rule 11 sanctions, which had been affirmed on appeal by this court. The motion requested the circuit court to determine if Stilley's refusal to pay was contemptuous behavior and if so, determine what would be the appropriate remedy. The brief that was filed in support of the motion mentioned jail as a possible remedy and pointed out that the burden would be on Stilley to show that he did not have the ability to comply with the circuit court's order for payment of the sanctions. Stilley filed no response to UAFS's motion of August 4, 2004, and a hearing was held on UAFS's motion on September 14, 2004. Stilley appeared and testified at the hearing. On September 22, 2004, the circuit court entered an order directing Stilley to file case reports and other detailed information so that the circuit court could evaluate his ability to pay. In addition, Stilley was ordered to deposit fees and gifts into the registry of the court, and the clerk of court was ordered to distribute 50% of any such deposits on the first and fifteenth day of each month to Stilley and to distribute the

other 50% to UAFS and FSSD. Stilley was required to provide copies of his federal income tax returns, to file a schedule of assets, list transfers of real and personal property to relatives, notify the court and counsel of any settlements in his cases, and provide detailed information about a $500,000 fee he acknowledged receiving but which he claimed to have lost immediately upon receipt.

On October 14, 2004, UAFS filed its motion for contempt citation. In the motion, UAFS stated that Stilley had failed to comply with any of the provisions of the order of September 22, 2004, and requested the circuit court to hold a hearing to require Stilley to show cause why he should not be held in contempt for failure to comply with the order and to impose appropriate sanctions if the court determined that Stilley was in contempt.

On January 14, 2005, a hearing was held in response to appellees' motions. Stilley appeared and testified concerning his defenses to the motions and stated that he had received copies of the motions prior to the hearing. The following exchange then took place:

> STILLEY: I object to proceeding on the inherent powers, because I've been given no notice.
>
> THE COURT: You've had ample notice. You know exactly what is transpiring, and this is another attempt at delay. How much time do you need to prepare for this hearing, Mr. Stilley?
>
> STILLEY: That depends on the scope of the hearing. I'm prepared to proceed today. If the scope of the hearing is broadened beyond what was stated in the hearing, I'd have to see what the actual charge was before I could say how much time I needed to prepare.
>
> THE COURT: What do you mean what the theories are? The theory is whether or not you're in contempt for not obeying the Court order.
>
> STILLEY: Statutory power —
>
> THE COURT: I have that right, Mr. Stilley. That's inherent in the court —

STILLEY: Are you saying this inherent power — is it a sua sponte?

THE COURT: It's the inherent power I have in the court. I'm putting you on notice right now. Do you need additional time to prepare?

STILLEY: I am prepared.

THE COURT: I'm not going to be bound by the statutory limit, Mr. Stilley.

STILLEY: I think we're at an impasse here. I — and that's what I'm trying to do here today.

THE COURT: I am prepared to give you a continuation if that is your representation to me.

STILLEY: I'm not prepared to proceed on the inherent power of contempt.

THE COURT: How much time do you need to be prepared, so you could be fully prepared and make a representation on why you have disobeyed the Court's order?

STILLEY: I would need to see the pleading.

THE COURT: You're not going to see anything else, Mr. Stilley. I have been in court with you —

STILLEY: Till June.

THE COURT: That's denied. This hearing will be continued for ten days, motion of the defendant. Be reset on my calendar. Mr. Stilley, I want to give you every opportunity to try and explain to me why you have disobeyed the order. That would include why you think the order is illegal; why you have not followed steps or procedures to comply, and come here and give me a reason why.

STILLEY: Your Honor, if you're continuing this in order to give me additional time, let me say this: Additional

time is not going to do a bit of good, unless I have notice with strict compliance with the Rules concerning how long —

THE COURT: Well, I'm going to rescind that order. We're going to go ahead with the hearing. I've tried to comply with you, Mr. Stilley, and I don't think what the Court does is going to comply with you. So we'll go ahead with the hearing. Make your record.

. . . .

Stilley has failed to demonstrate that he did not have proper notice of the contempt charges against him. He testified that he had seen the motions. And, when the circuit court agreed to give him a ten-day continuance, Stilley stated that a continuance would not do any good unless the circuit court satisfied Stilley's conditions. It was only then that the circuit court rescinded the continuance. Stilley can hardly complain now when he declined the circuit court's offer to continue the hearing. This argument is without merit.

### Due Process in Contempt Proceedings

Stilley argues that the circuit court evaded the requirements of due process for criminal contempt by couching a contempt as a civil contempt even though the sentence calls for a thirty-day incarceration, which the defendant cannot avoid by purging himself of any offensive conduct.

In the January 18, 2005, order, the circuit court found Stilley in contempt for violating the September 22, 2004, order to produce certain financial documents to demonstrate his inability to pay the Rule 11 sanctions. The circuit court sentenced Stilley to thirty days in jail and assessed a fine of $50 for each day after the entry of the order that Stilley continued to defy the order. Finally, the circuit court suspended the finding of contempt in the event that Stilley complied with the court's order within five days of the entry of the order. In *Ivy v. Keith*, 351 Ark. 269, 279-80, 92 S.W.3d 671, 677-78 (2002), we stated:

> Contempt is divided into criminal contempt and civil contempt. *Johnson*, 343 Ark. at 197, 33 S.W.3d at 499. Criminal contempt preserves the power of the court, vindicates its dignity, and punishes

those who disobey its orders. *Johnson*, 343 Ark. at 197, 33 S.W.3d at 499. Civil contempt, on the other hand, protects the rights of the private parties by compelling compliance with orders of the court made for the benefit of private parties. *Id*. This court has often noted that the line between civil and criminal contempt may blur at times. *Id*. Our Court of Appeals has given a concise description of the difference between civil and criminal contempt. *See Baggett v. State*, 15 Ark. App. 113, 116, 690 S.W.2d 362, 364 (1985) ("[C]riminal contempt *punishes* while civil contempt *coerces*." (emphasis in original)).

In determining whether a particular action by a judge constitutes criminal or civil contempt, the focus is on the character of relief rather than the nature of the proceeding. *Fitzhugh v. State*, 296 Ark. 137, 138, 752 S.W.2d 275, 276 (1988). Because civil contempt is designed to coerce compliance with the court's order, the civil contemnor may free himself or herself by complying with the order. *See id*. at 139, 752 S.W.2d at 276. This is the source of the familiar saying that civil contemnors "carry the keys of their prison in their own pockets." *Id*. at 140, 752 S.W.2d at 277 (quoting *Penfield Co. v. S.E.C.*, 330 U.S. 585, 593 (1947) (quoting *In re Nevitt*, 117 F. 448, 461 (8th Cir. 1902)). Criminal contempt, by contrast, carries an unconditional penalty, and the contempt cannot be purged. *Fitzhugh*, 296 Ark. at 139, 752 S.W.2d at 276-77.

■ In the instant case, while the circuit court suspended the sentence in the event that Stilley complied with the order within five days, it is clear from the plain language of the order that, once the sentence went into effect, Stilley had no opportunity to purge himself of the contempt. Thus, we agree with Stilley's contention that the contempt is criminal and not civil; however, Stilley has failed to demonstrate error because the record shows that he was afforded due process in the contempt proceeding. Pursuant to Ark. Code Ann. § 16-10-108(c) (Repl. 1999), Stilley was entitled to notice of the accusation and a reasonable time to make a defense. It is clear from the record that Stilley was afforded the rights required under § 16-10-108(c). He acknowledged receipt of the motions, which explained how he had failed to comply with the September 22, 2004, order; he was given notice of the contempt hearing; and he was given the opportunity to present a defense at that hearing. Though the circuit court should have characterized the type of contempt in this case as criminal con

tempt since Stilley did not have the opportunity to purge the contempt once he began serving the thirty-day sentence, the fact remains that Stilley was afforded the due process required under § 16-10-108(c).

*Incarceration and Rule 11*

Stilley argues that the circuit court erred in incarcerating him for failure to pay a judgment under Rule 11, where there was neither a finding nor a rational basis for a finding that his failure to pay was occasioned by anything other than his inability to pay. To support this proposition, Stilley cites *Ivy, supra*, where we held that holding a party in criminal contempt for not paying Rule 11 sanctions constituted a plain, manifest, and gross abuse of discretion. *Ivy*, 351 Ark. at 285, 92 S.W.3d at 681. Appellees correctly point out that the circuit court found Stilley in contempt for failing to comply with the September 22, 2004, order, which directed the filing of financial information. Stilley is simply wrong in stating that he was incarcerated for failing to pay Rule 11 sanctions.

Stilley goes on to say that there is no credible evidence that he could have paid the sanctions but chose not to pay. It was Stilley's burden to prove he had the inability to pay, and it is clear from the record that he chose not to meet that burden, particularly in light of the fact that, in defiance of the court's order, he failed to submit the financial documents to support his assertion that he could not pay.

*Seizure of Assets*

Finally, Stilley argues that the circuit court erred in seizing 100% of his receipts, with 50% to be returned from time to time, in violation of the Federal Consumer Protection Act. Stilley cites to no convincing authority and makes no persuasive argument to support his position. We decline to develop this point on appeal for Stilley. *See, e.g., Hanks v. Sneed*, 366 Ark. 371, 235 S.W.3d 883 (2006).

*Reconsideration of UAFS's Motion for Contempt*

Finally, UAFS requests that this court reconsider its December 15, 2006, motion for contempt, which this court denied

without prejudice on February 2, 2006. We cannot say that Stilley's conduct in this case rises to the level of contempt; therefore, we again deny UAFS's motion.

Affirmed; motion to dismiss appeal denied; motion for contempt denied.