Oscar STILLEY *v.* Jim PERRY, et al.

07-981                                                 273 S.W.3d 492

Supreme Court of Arkansas
Opinion delivered January 31, 2008

PER CURIAM.

### a. Motion for Recusal

On December 2, 2007, Appellant Oscar Stilley moved that each justice on this court recuse from hearing the motion for reconsideration filed that same day. Each justice declines the suggestion of recusal.

Recusal matters are discretionary with the individual judges involved. *See, e.g., Nash v. Hendricks*, 369 Ark. 60, 250 S.W.3d 541 (2007). Mr. Stilley has given the seven justices of this court no reason to recuse. He asserts that the court referred a matter involving him to the Professional Conduct Committee for its assessment and review. In doing so, he claims that the members of this court became his "accusers" and, thus, are biased against him for purposes of the present motion and the subsequent appeal.

We disagree and state that the members of this court are not biased against Mr. Stilley in any respect.

Nor do we agree with Mr. Stilley that a five-minute hearing to argue his reconsideration motion is required before this court.[1] Initially, we observe that evidentiary hearings on recusal matters are not required. *Stilley v. Fort Smith Sch. Dist.*, 367 Ark. 193, 238 S.W.3d 902 (2006). The same applies for arguments of counsel on recusal motions before this court. Moreover, Mr. Stilley has filed a twenty-eight-page motion for recusal detailing his arguments in plenary fashion. Because of this, we conclude that oral argument by counsel for five minutes would not be helpful to this court.

### b. Motion for Reconsideration

On June 19, 2007, Mr. Stilley filed his notice of appeal from the circuit court's orders of May 11, 1007; May 21, 2007; and June 5, 2007. On July 10, 2007, Mr. Stilley advised the circuit court by letter that there was no final order from which to appeal. The court had previously asked the parties what remained to be decided. The court ultimately decided not to enter further orders respecting the

---

[1] This court limits oral arguments on motions to five minutes to a side, when such arguments are permitted by this court.

orders that are the subject of this appeal.[2] On September 12, 2007, Mr. Stilley filed the record for his appeal. On October 19, 2007, Mr. Stilley petitioned for certiorari to complete the record, for mandamus to compel the trial court to enter a final order, and for prohibition commanding the sitting trial court to recuse from further participation in this case. On November 8, 2007, this court denied that petition without opinion.

Mr. Stilley now asks for reconsideration of our decision not to permit him to expand the record for purposes of his appeal with additional transcripts of hearings and other documents he considers relevant to his appeal. Respondent University of Arkansas at Fort Smith initially objected to expansion on grounds that Mr. Stilley had not been diligent in filing his record for his appeal originally, and that, in addition, Mr. Stilley was using the expanded record to raise new and additional issues in his appeal.

■ We denied Mr. Stilley's petition for certiorari on November 8, 2007. Nevertheless, we now grant his petition for reconsideration to expand the record because the initial petition for certiorari was filed within thirty-seven days from the date the record was filed. We add this caveat, however. Should it be determined that the University is correct and that the expanded record was not sought for a proper purpose, Mr. Stilley will be subject to appropriate sanctions by this court.

■ Mr. Stilley also contended in his original petition that a final order had not been entered by the circuit court. The circuit court and the respondents disagreed. We declined to order the circuit court to enter a final order when it was clear that the circuit court believed no additional order was warranted and that this was not an appropriate subject for the extraordinary writ of mandamus. We decline to reconsider our decision on this point.

■ Mr. Stilley further prays for prohibition commanding the circuit judge to recuse. An extraordinary writ, whether it be prohibition or mandamus, is not proper to command a circuit judge to recuse under these circumstances. Recusal matters lie within the discretion of the judge, as already stated in this opinion. Any motion to recuse must first be directed to the circuit court and, if denied, may be an issue on appeal.

---

[2] The circuit court did enter an order on July 16, 2007, denying an emergency motion to intervene filed by T. D. Young.

The writ of certiorari is issued for completion of the record within fifteen days of the date of this order. The clerk of this court will reset the briefing schedule.