Oscar STILLEY *v.* UNIVERSITY of ARKANSAS AT FORT SMITH; Jim Perry; Marcy Porter; Jimmie Lou Fisher, State Treasurer; David Hudson; City of Fort Smith; Westark Community College; Fort Smith School District; and Charlie Daniels, Land Commissioner

07-981                                                         287 S.W.3d 544

Supreme Court of Arkansas
Opinion delivered September 18, 2008

[Rehearing denied October 30, 2008.*]

---

* WILLS, J., not participating.

Appellant, pro se.

Smith, Maurras, Cohen, Redd & Horan, PLC, by: Stephen C. Smith, for appellee University of Arkansas at Fort Smith.

Thompson and Llewellyn, P.A., by: James M. Llewellyn, Jr., for appellee Fort Smith School District.

JIM GUNTER, Justice. Appellant Oscar Stilley files this appeal, which arises from orders of the Sebastian County Circuit Court in favor of Appellees. On appeal, he makes four allegations of error. We affirm the circuit court's rulings on two points, and we are precluded from reaching the merits of the remaining two points.

A recitation of the facts is provided in our prior opinion, Stilley v. Fort Smith Sch. Dist., 367 Ark. 193, 238 S.W.3d 902 (2006), where we stated:

> On October 4, 2002, the Sebastian County Circuit Court entered an order imposing Rule 11 sanctions upon appellant Oscar Stilley in favor of appellees University of Arkansas Fort Smith (UAFS) and the Fort Smith School District (FSSD). This court affirmed. See Parker v. Perry, 355 Ark. 97, 131 S.W.3d 338 (2003). Subsequently, UAFS and FSSD filed motions to enforce sanctions, alleging that Stilley had failed to comply with the circuit court's order. Hearings were held on the motions and, on September 22, 2004, the circuit court entered an order directing Stilley to provide certain information concerning his finances that he alleged prevented him from paying the sanctions.
>
> In October 2004, UAFS and FSSD filed motions for contempt, alleging that Stilley had failed to comply with the September 22 order. Stilley responded to the motion for contempt and, on November 19, 2004, Stilley filed a motion for recusal. The circuit court denied the motion for recusal by order signed that same day and entered November 22, 2004.
>
> The circuit court held a hearing on UAFS's and FSSD's motions for contempt, and judgment was entered on January 18, 2005, finding Stilley in contempt. On January 21, 2005, Stilley filed a pleading entitled "Submission of Documents Demonstrating the Court's Advocacy of Westark/UAFS." Then, on February 1, 2005, Stilley filed a "Motion to Amend Findings of Fact and Law and for Additional Specific Findings of Fact and Law Pursuant to Rule 52." The circuit court did not act upon the motion.

Stilley v. Fort Smith, 367 Ark. at 196-97, 238 S.W.3d at 903-04. In Stilley, we affirmed the circuit court's ruling denying Stilley's recusal

motion and holding Stilley in contempt. Further, we held that Stilley was afforded due process. *Id.*

Numerous motions were filed in the case. On May 2, 2007, the circuit court entered an order holding Stilley in contempt of a prior order "to not relitigate matters long since decided at trial and on appeal" and imposing a sentence of the payment of attorney's fees. On May 11, 2007, the circuit court entered an order directing Stilley to pay fines to the registry of the court. On that same day, Stilley filed a pleading entitled "Brief Regarding Assessment of Penalty, and Interest, for a Final Order." On May 15, 2007, Stilley filed a motion for new trial with a brief in support. Both UAFS and FSSD filed responses. On May 21, 2007, the circuit court entered an order denying Stilley's motion for new trial. Subsequently, Stilley filed another brief on May 23, 2007, and an amended motion for new trial on May 23, 2007. On June 5, 2007, the circuit court entered an order denying the amended motion for new trial.

On June 19, 2007, Stilley filed a notice of appeal from the circuit court's orders of May 2, 2007; May 11, 2007; May 21, 2007; and June 5, 2007. On July 10, 2007, Stilley advised the court by letter that there was no final order from which to appeal. On September 12, 2007, Stilley filed the record in this case. On October 19, 2007, Stilley petitioned for certiorari to complete the record, for mandamus to compel the circuit court to enter a final order, and for prohibition commanding the sitting trial court to recuse from further participation in the case. We denied Stilley's petition without opinion on November 8, 2007. On December 2, 2007, Stilley moved each justice on this court to recuse from hearing his motion for reconsideration filed that same day. In *Stilley v. Perry*, 372 Ark. 259, 273 S.W.3d 492 (2008), we denied Stilley's motion to recuse, denied his request for oral argument, and granted his petition for reconsideration to expand the record because the initial petition for certiorari was filed within thirty-seven days from the date the record was filed. *Id.*

From the May 2, May 11, May 21, and June 5 orders, Stilley now brings his appeal. On appeal, he makes four allegations of error: (1) that the circuit court erred in convicting Stilley of criminal contempt with no specific charges and no evidence; (2) that the circuit court erred in "acting as an accuser and decider in an indirect contempt case"; (3) that the circuit court erred in assessing $50 per day for those days that a bond or stay was in effect "since an appeal of an order cannot properly be construed as 'defiance' of the underlying order"; and (4) that the circuit court

erred in assessing interest in excess of the maximum under Arkansas law. We now consider Stilley's appeal.

For his first point on appeal, Stilley argues that the circuit court erred in convicting Stilley of criminal contempt "with no specific charges and no evidence whatsoever." Specifically, Stilley contends that he "was not informed of the specific nature of the charge," nor was he informed of the maximum punishment or the "oral or written order thought to have been violated."

In response, UAFS argues that the circuit court correctly convicted Stilley of criminal contempt. UAFS specifically contends that the "transcript of the March 14, 2007, hearing in front of Judge Tabor clearly identifies the Court's position." Further, FSSD argues that the circuit court did not err in convicting Stilley of criminal contempt because (1) "[t]he trial court's order of April 9, 2007, is abundantly clear" regarding Stilley's actions, and (2) the circuit court addressed the matter at the March 14, 2007, hearing.

The standard of review of a case of criminal contempt is well settled: an appellate court views the record in a light most favorable to the trial judge's decision and sustains that decision if it is supported by substantial evidence. *Conlee v. Conlee*, 370 Ark. 89, 257 S.W.3d 543 (2007). Substantial evidence is evidence of a sufficient force and character to compel a conclusion one way or another, forcing the mind to pass beyond suspicion or conjecture. *Id.*; *Witherspoon v. State*, 322 Ark. 376, 909 S.W.2d 314 (1995). Where a person is held in contempt for failure or refusal to abide by a judge's order, the reviewing court will not look behind the order to determine whether it is valid. *See Conlee, supra.*

Criminal contempt preserves the power of the court, vindicates its dignity, and punishes those who disobey its orders. *See Ivy v. Keith*, 351 Ark. 269, 279-80, 92 S.W.3d 671, 677 (2002); *Johnson v. Johnson*, 343 Ark. 186, 198, 33 S.W.3d 492, 499 (2000). An act is contemptuous if it interferes with the order of the court's business or proceedings, or reflects upon the court's integrity. *Carle v. Burnett*, 311 Ark. 477, 845 S.W.2d 7 (1993).

In the present case, UAFS and FSSD filed amended motions to enforce sanctions against Stilley for his failure to comply with the court's previous order, which was upheld by our court in *Stilley, supra*. A hearing was held before Judge Tabor on March 14, 2007, where the following colloquy took place:

> STILLEY: Your Honor, I have another motion. I have asked UAFS, who is the movant here, to state what the

charges were, what the potential sanctions are, and I have not been given notice of that. I want to know what the potential sanctions are and the basis of the accusations before we proceed.

THE COURT: Mr. Stilley, I can answer that for you. If there are contempt sanctions, they will be decided on by the Court, not by Mr. Maurras. The nature of them will be determined by me, not by Mr. Maurras. They are based on the inherent powers of the Court, as you were advised at the last contempt hearing, and that is what you are going to be advised on. He has called you as a witness. Please come to be sworn.

STILLEY: Your Honor, I have asked what the potential sanctions are and I have not yet been told. Can you tell me today what the potential range of sanctions are?

THE COURT: Mr. Stilley, I have told you the potential sanctions have to do with contempt based upon the inherent powers of the Court. And as I would expect you would know that encompasses a wide range of possible sanctions.

THE COURT: . . . My fervent hope is that it doesn't come to that point [criminal contempt], Mr. Stilley, but if it comes to that point, if you continue to defy the orders to the Court, I am going to consider the entire range, both civil and criminal contempt and I will make my decision; but I haven't made it. I wanted to give you a fair hearing. So, I didn't have my mind made up when I walked through the door, but I am telling you if it comes to that point I am going to consider all of the remedies that are available to the Court, including civil contempt and criminal contempt if that is what I think is appropriate.

Based upon this colloquy, there is substantial evidence that Stilley had knowledge that he was subject to either criminal or civil contempt. Moreover, on April 9, 2007, he was ordered to appear and show cause why he should not be held in contempt for his actions in causing the issuance of numerous deposition subpoenas for the purpose of attempting to relitigate matters previously decided in the case, which matters the circuit court had expressly

advised Stilley on March 14, 2007, not to attempt to relitigate. Further, he was aware of our prior opinion in *Stilley, supra.* As an attorney, he is aware of the legal implications of criminal contempt. We have stated that an attorney is expected to know the law. *Hyden v. Circuit Court of Pulaski County*, 371 Ark. 152, 264 S.W.3d 493 (2007). For these reasons, as well as our established standard of review in viewing the record in light most favorable to the decision of the trial judge, we hold that the circuit court did not err in convicting Stilley of criminal contempt.

For his second point on appeal, Stilley argues that the circuit court erred "in acting as accuser and decider in an indirect contempt case." Specifically, Stilley maintains that the circuit court "took the matter personally," citing the following language from the judge:

> As to this matter, Mr. Stilley, you are correct that it is a criminal contempt matter. It's between you and me. I am going to hold you in contempt of this Court for your disobedience of what, to me, was a clear repetitive order not to do certain things that you did anyway. I personally think you wouldn't have done that if I was in town. I may be wrong, but I think you tried to take advantage of the situation.

In response, both UAFS and FSSD argue that the circuit court displayed no evidence of bias or personal involvement in the matter.

The appellant's abstract should consist of "material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the Court for decision." Ark. Sup. Ct. R. 4-2(a)(5). This Court has consistently held that arguments will not be considered where the supporting testimony or evidence has not been abstracted. *Hill v. State*, 337 Ark. 219, 988 S.W.2d 487 (1999). We regard this as a fundamental rule. *Id.* Information necessary for a proper understanding of the questions presented to the court must be contained within the abstract. *Id.* Appellant bears the responsibility for producing a sufficient abstract. *Id.* Failure to do so prevents this court from reaching the merits of Appellant's contention. *Id.*

Here, Stilley failed to abstract the issue of bias on the judge's part. There is no mention of the issue of bias in the abstract for the March 14, 2007 hearing. Therefore, we are precluded from reaching the merits of this argument.

For his third point on appeal, Stilley argues that the circuit court erred in assessing $50 per day "for those days during which a bond or stay was in effect." UAFS and FSSD contend that there is no such evidence that a bond was provided or that a stay was ordered.

■ We affirmed the $50 per day penalty in our 2006 opinion of *Stilley, supra.* Thus, our holding was law of the case. The issue here is whether Stilley is entitled to credit for "those days during which the bond or stay was in effect." He further argues that he should not have to pay the $50 daily penalty for the ninety days that the order was stayed pending petition for certiorari to the United States Supreme Court. Stilley never obtained an order staying the accumulation of fines. The abstract of the March 14, 2007 hearing, which was held after the last mandate, contains no request or order for a stay. Because he did not address this issue below, we will not consider it for the first time on appeal. *See State v. Johnson,* 374 Ark. 100, 286 S.W.3d 129 (2008). Additionally, we note that a bond of $15,897.97 was set by the circuit court in an order on September 21, 2004. However, that bond was never posted, and he did not raise the issue in *Stilley, supra.* For these reasons, we affirm the circuit court's assessment of the $50 per day.

For his fourth point on appeal, Stilley argues that the circuit court erred "in assessing interest in excess of the maximum under Arkansas law." UAFS responds that Stilley's payment of the interest applied to the sanction fine was voluntary and not made under protest. FSSD contends that the circuit court did not err in assessing interest, and in the alternative, FSSD maintains that this issue is not contained in the May 21 order and is not preserved for appellate review.

■ At the outset, we note that the circuit court's order of May 2, 2007, imposed an award of attorney's fees with interest thereon to accumulate at 10% per annum. Although Stilley filed a pleading on May 11, 2007, styled "Brief Regarding Assessment of Penalty, Interest, for Final Order," he never obtained a ruling on this posttrial request. The only orders entered thereafter on May 21 and June 5, 2007, denied Stilley's motions for new trial, neither of which sought relief regarding the assessment of interest. In order to preserve an issue for appellate review, Stilley was obligated to obtain a specific ruling on it from the circuit court. We have held that it will not review a matter on which the trial court has not ruled, and a ruling should not be presumed. *Reed v. Guard,* 374

Ark. 1, 285 S.W.3d 662 (2008). Moreover, the burden of obtaining a ruling is on the movant; objections and matters left unresolved are waived and may not be relied upon on appeal. *Id.* Because the circuit court never rendered a ruling on this question, we cannot address it on appeal. Accordingly, we affirm the rulings of the circuit court.

Affirmed.

GLAZE, J., not participating.