SLIP OPINION

Cite as 2013 Ark. 448

# SUPREME COURT OF ARKANSAS

No. CR-13-588

| | |
|---|---|
| PATRICK J. BENCA<br><br>APPELLANT<br><br>V.<br><br><br>BENTON COUNTY CIRCUIT COURT<br><br>APPELLEE | **Opinion Delivered** November 7, 2013<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CR-07-1550]<br><br>HONORABLE ROBIN F. GREEN, JUDGE<br><br>AFFIRMED. |

**CLIFF HOOFMAN, Associate Justice**

Appellant Patrick J. Benca appeals from the Benton County Circuit Court's order finding him in contempt of court and ordering him to pay the sum of $100. We assumed jurisdiction of this appeal under Arkansas Supreme Court Rule 1–2(a)(5) (2013) because it involves the discipline of attorneys-at-law and/or arises under the power of the supreme court to regulate the practice of law. On appeal, appellant argues that there was not substantial evidence to support the circuit court's finding of contempt. We affirm.

In a hearing on May 22, 2013, appellant, an attorney, was found to be in contempt of court while representing his client in a hearing regarding his client's Rule 37 proceedings. In pertinent part, the following colloquy took place between the circuit court and appellant.

THE COURT:      I tend to agree with Mr. Stone. I do believe the allegations in this motion and brief for a – in support of a new trial as filed by Mr. Benca, I believe the allegations are somewhat reckless. I do not believe they are tied to the case at hand. There are no allegations of this specific type of activity occurring in Mr. Lacy's

| | |
|---|---|
| | case; and I do believe the – at – at its heart Mr. Benca is attempting to challenge the constitutionality of these proceedings and that that's simply not cognizable in Rule 37 proceedings – |
| MR. BENCA: | It – it – |
| THE COURT: | – so for those – for those reasons – Mr. Benca, I'm going to ask you not – not to interrupt me, sir. |
| MR. BENCA: | I'm not going to interrupt you, but I would like a – |
| THE COURT: | Mr. Benca, you are interrupting me and – and that's not going to happen again, sir. |
| MR. BENCA: | I actually didn't. I was – |
| THE COURT: | Mr. Benca, if you continue to interrupt me I'll have no choice but to hold you in contempt of Court.

I'm making my ruling at this time that I do not believe there's any merit to your motion and brief in support of a new trial based upon the State's abuse of the prosecuting subpoena power; and for that – for the reasons as outlined by the State, to which I totally agree, that motion is denied.

We will now take up the other matters before the Court. |

. . . .

| | |
|---|---|
| THE COURT: | Mr. Benca, I am interrupting you at this point. You have talked at great length about the past 20 years and about another individual charged in this – this county with committing capital murder. His case has not yet come to trial, in this court I might add, and there has been more discussion on that case and on your grand statements about how things have been done in other cases for the past 20 years. You have tied no connection between any abuse of any – any power by the prosecuting attorney to Mr. Brandon Lacy. |
| MR. BENCA: | That's why my witnesses – |
| THE COURT: | Mr. – |
| MR. BENCA: | – are here. |
| THE COURT: | – Mr. Benca, if you interrupt me one more time I promise you that you will be assessed a fine for contempt of Court. That's a promise, sir.

Mr. Benca, I have – I am denying your motion. |

. . . .

| | |
|---|---|
| THE COURT: | Mr. Benca, you have tied – you have – have shown no connection between Mr. Brandon Lacy – this is your client, sir. Mr. Brandon Lacy is your client. You have shown through nothing in this 18-page document that you have filed nor anything that has been said in this courtroom where Mr. Brandon Lacy's rights were violated by the use of the |

2

|              | prosecuting attorney's prosecutor subpoena power. That – |
|--------------|---|
| MR. BENCA:   | The first three pages – |
| THE COURT:   | Mr. Benca, I'm holding you in contempt of Court for interrupting me for – |
| MR. BENCA:   | I – |
| THE COURT:   | – for the sixth time. You will pay $100 to the circuit clerk's office downstairs before you leave. |
| MR. BENCA:   | Well, I'll appeal that. |

Following the hearing, a written order was entered by the circuit court finding that appellant was repeatedly warned about interrupting the court and that after multiple oral warnings, appellant was found to be in contempt of court and ordered to pay $100 to the Benton County Circuit Clerk's Office. This appeal followed. On October 24, 2013, this court ordered appellant to file a supplemental addendum within seven calendar days to include the DVD from the record of the May 22, 2013 hearing, referenced in his argument, as required by Arkansas Supreme Court Rule 4–2(a)(8) (2013). *See Benca v. Benton Cnty. Circuit Court*, 2013 Ark. 418 (per curiam). Appellant filed his conforming supplemental addendum on October 30, 2013.

On appeal, appellant solely challenges the sufficiency of the evidence to support the contempt finding. "Every court of record shall have power to punish, as for criminal contempt, persons guilty of . . . [d]isorderly, contemptuous, or insolent behavior committed during the court's sitting, in its immediate view and presence, and directly tending to interrupt its proceedings or to impair the respect due to its authority[.]" Ark. Code Ann. § 16–10–108(a)(1) (Repl. 2010). Criminal contempt preserves the power of the court, vindicates its dignity, and punishes those who disobey its orders. *Stilley v. Univ. of Ark. at Fort Smith*, 374 Ark. 248, 287 S.W.3d 544 (2008).

SLIP OPINION

The standard of review for a criminal contempt case challenging the sufficiency of the evidence is well settled. An appellate court views the record in the light most favorable to the trial judge's decision and will sustain the decision if it is supported by substantial evidence. *McCullough v. State*, 353 Ark. 362, 108 S.W.3d 582 (2003). Substantial evidence is evidence of a sufficient force and character to compel a conclusion one way or another, forcing the mind to pass beyond suspicion or conjecture. *Stilley*, *supra*.

Here, after reviewing both the transcript and the audio recording on DVD of the hearing, as suggested by appellant, we find that the circuit court's decision is supported by substantial evidence. Appellant argues that he did not interrupt the court but that the "rhythms" of the colloquy reflected the normal "ebb and flow of a sometimes tense discussion." However, this characterization of the hearing lacks merit after viewing the record in the light most favorable to the circuit court's decision. After a thorough review, the record reflects that the circuit court repeatedly warned appellant to refrain from interrupting. Yet, appellant continued to do so, leading to the circuit court's ultimate finding of contempt. Thus, we affirm the circuit court's contempt finding.

Affirmed.

*Jeff Rosenzweig*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.